OPINION
Appellant is Gary Marr, executor of the estate of his father, Ronald Marr. On April 26, 1992, the elder Marr was admitted into appellee Mercy Hospital for surgical treatment of an acutely infected gall bladder. Even though the surgery itself was uncomplicated, Ronald Marr spent his first post-operative day in the hospital's cardiac care unit because he had a medical history of cardiovascular disease and diabetes.
Ronald Marr was subsequently moved to Mercy's Medical-Surgical unit. There he began to exhibit signs that he was retaining fluids, becoming lethargic, and developing breathing difficulties. At about midnight on May 2, 1992, Ronald Marr's nurse administered a dose of Demoral, a narcotic which had been prescribed by his doctors on an "as needed for pain" basis. Demoral is, however, a respiratory depressant. When the nurse returned to Ronald Marr sometime later, she found he was without a pulse. Efforts to revive him were unsuccessful, and he was pronounced dead shortly after 1:30 a.m.
Appellant ultimately brought suit against appellee and three physicians alleging medical negligence. Appellant alleged appellee was liable as the employer of the nurse who administered Demoral to Ronald Marr. Eventually, appellant reached a $425,000 settlement with one of the physicians and dismissed his actions against the other two doctors.
Prior to trial, the court denied appellant's motion inlimine to bar trial discussion of the settlement. The matter then proceeded to trial, following which a jury found appellee not negligent in the nursing care provided Ronald Marr. The trial court entered judgment on the verdict. Appellant now brings this appeal, setting forth the following four assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED IN ALLOWING THE JURY TO HEAR EVIDENCE REGARDING THE SETTLEMENT WITH DEFENDANTS WHO HAD BEEN DISMISSED FORM THE CASE.
"ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN ALLOWING NURSE SHONTZ TO BE NAMED MERCY HOSPITAL'S REPRESENTATIVE AND TO SIT AT COUNSEL TABLE THROUGHOUT THE TRIAL.
"ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED IN REFUSING TO ALLOW APPELLANT TO POSE CERTAIN QUESTIONS TO HIS NURSING EXPERT.
"ASSIGNMENT OF ERROR NO. 4
 THE TRIAL COURT ERRED IN ALLOWING DR. PAUL BERLACHER TO TESTIFY AS AN EXPERT WITNESS."
 I
Prior to trial, appellant filed a motion in limine
seeking to exclude from evidence any mention of the fact that the decedent's physicians had ever been defendants in this matter, had settled with appellant, or were in any way liable for the decedent's death. The trial court denied the motion.
At the outset of the trial and prior to voir dire, appellant again raised the issue of excluding mention of the physicians who had settled. The court reiterated its original decision. Appellant then countered that if the existence of the settlement with the physicians be allowed before the jury, then all information (including the amount of the settlement) be disclosed. Absent objection by either party that the amount of the settlement be disclosed, the trial court ruled that such information could come into evidence.
Appellee argues before us that the court's ruling was not error. Appellee further suggests that, in any event, appellant implicitly waived error, explicitly waived error, or, alternatively, invited any error which might have occurred.
A motion in limine is a, "* * * tentative interlocutory, precautionary ruling by a trial court reflecting its anticipatory treatment of [an] evidentiary issue." Cunningham v. Goodyear Tire Rubber Co. (1995), 104 Ohio App.3d 385, 393, citing State v.Grubb (1986), 28 Ohio St.3d 199, 201-202. The nature of the ruling is interlocutory and not final until raised in the context of a trial. Failure to object to the evidence at issue during trial constitutes a waiver of any challenge to such evidence irrespective of the pre-trial preliminary ruling. Id.
The law is clear. In order to preserve an erroneous ruling in limine, a party must proffer at trial evidence which was excluded by the ruling or object at trial to evidence which the court refused to exclude. Here, appellant offered no objection during the trial to evidence of the physician's prior settlement. In fact, appellant abandoned any objection and appears to have embraced disclosure by adding information which was not initially sought to be included. Consequently, he waived any error which might have attached to the court's in limine ruling. Accordingly, appellant's first assignment of error is not well-taken.
 II
In his second assignment of error, appellant complains that the trial court erred in permitting the nurse (whose conduct appellant asserts was negligent) to be designated as the hospital's representative during the trial. Appellant suggests that the presence of the nurse and her husband at the defense table gave the jury the impression that she might be personally liable for any judgment which might be rendered.
Appellant cites no authority for its proposition that a party not a natural person is precluded from designating any officer or employee it chooses to act as its representative at trial. Evid.R. 615(2) implicitly permits this. See State v.Lapping (1991), 75 Ohio App.3d 354, 363. Appellant's argument as to any erroneous impression the presence of this nurse had on the jury amounts to nothing more than speculation. If appellant believed such an erroneous impression existed, he could have asked for a curative instruction. The partial transcript which appellant has provided fails to reveal such a request. Absent such a request, appellant may not now complain that an erroneous impression remained with the jury. Accordingly, appellant's second assignment of error is found not well-taken.
 III
In his remaining assignments of error, appellant complains that the trial court erroneously prohibited him from inquiring of his expert witness on nursing as to whether she believed the treating nurse's purported breach of duty to meet an adequate standard of care precipitated the decedent's death. Appellant also maintains that the court should not have permitted appellee to cross-examine one of its physician "fact" witnesses about his medical opinion.
The overall conduct of a trial and the trial court's evidentiary rulings are within the sound discretion of the court and will not be reversed absent an abuse of that discretion.Costell v. Toledo Hospital (1992), 82 Ohio App.3d 393, 399. An "abuse of discretion" is more than an error of law or of judgment, the term implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
The trial court repeatedly sustained objections to appellant's questions to his nursing expert as to whether the treating nurse's purported departure from accepted standards of nursing care was in any way connected to Ronald Marr's death. R.C.4723.151 prohibits nurses from practicing medicine which includes making medical diagnosis. Consequently, while appellant's nurse expert was competent to give expert testimony as to whether the treating nurse met accepted nursing standards, she was not competent to render a medical opinion as to whether a breach of that standard caused the decedent's death. Such an opinion would implicate a medical diagnosis. See Berdyck v. Shinde (1993),66 Ohio St.3d 573, 580; Albain v. Flower Hospital (1990), 50 Ohio St.3d 251,259, overruled on other grounds (1994), 68 Ohio St.3d 435. Accordingly, the trial court did not abuse its discretion in excluding these questions and appellant's third assignment of error is found not well-taken.
With respect to the testimony of the decedent's treating physician, appellant questioned the doctor extensively on direct examination as to the amount and type of information relayed to him by appellee's nurse. On cross-examination, appellee inquired as to the physician's opinion of each of appellant's theories linking the nurse to Ronald Marr's death. Over objection, the doctor testified that he was not persuaded that any of the nurse's acts or purported omissions would have altered the course of events.
Appellant argues that he called the treating physician as a "fact witness" only. Even though appellee reserved a right to ask appellant's medical witnesses opinion testimony, appellant claims that he was unduly surprised and unable to prepare for the testimony that was elicited. Appellant cites Nakoff v. FairviewGeneral Hospital (1996), 75 Ohio St.3d 254, in support of his argument.
With respect to this matter, Nakoff stands for nothing more than that a trial court is vested with broad discretion in imposing discovery sanctions. As such, it is inapposite to this issue.
As regards unfair surprise, the treating physician was appellant's own witness. A party who puts forth a witness as its own can little complain if on cross-examination the witness provides competent testimony which is beneficial to the opposing party. As appellee points out, Evid.R. 611(B) grants substantial latitude to a party engaging in cross-examination. We cannot say that in this instance the trial court abused its discretion by permitting appellee latitude in cross-examining appellant's witness even though the information elicited was harmful to appellant. Accordingly, appellant's fourth assignment of error is found not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs of this appeal.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 James R. Sherck, J.
CONCUR.