Walter and Barbara Eakes appeal from a judgment of the Montgomery County Court of Common Pleas, which found against them in a tort action against K-Mart International Headquarters, Inc. ("K-Mart"2).
The facts and procedural history are as follows.
On August 4, 1995, while employed as a truck driver for Penske Dedicated Logistics Corporation ("Penske"), Walter Eakes was injured while unloading stacked skids of merchandise at the receiving dock area of a K-Mart store in Zanesville, Ohio. According to the complaint, Eakes's accident occurred when "the wrapping and top skid broke thereby knocking [him] off the loading dock onto the ground." K-Mart's alleged negligence was based on its "use of damaged and defective skids" and its "failure to properly load and wrap the skids." K-Mart denied Eakes's allegations of negligence. Eakes subsequently amended the complaint to add a loss of consortium claim on behalf of his wife, Barbara Eakes.
Pursuant to the trial court's October 15, 1997 final pretrial order, April 17, 1998 was the deadline for exchanging trial materials and for filing pretrial statements, which were to include lists of expected trial exhibits and any motions inlimine, and April 24, 1998 was the deadline for filing objections to the exchanged trial materials. Trial was set for May 4, 1998 at 1:00 p.m. During the course of discovery, Eakes served a subpoena on Deanne Fee-Parke, a Penske Logistics Center Manager in the Warren, Ohio facility, seeking production of the following materials:
 All previous incident or accident reports, records, and/or pictures in connection with any Penske truck driver accident at/or involving K-Mart within the last 10 years, including the name of the truck driver, type of accident and the date of the accident. Finally, please produce all workers' compensation filings and/or lawsuits in connection with K-Mart incidents filed by any Penske truck driver within the last 10 years.
Penske filed a motion for a protective order over information related to prior occurrences, and the trial court conducted a hearing and sustained the motion. On March 16, 1998, Eakes sent a letter to K-Mart seeking the production of documents related to:
 All incident and or accident reports from January 1, 1992 to August 4, 1995 in connection with Penske truck drivers who were injured while unloading freight at a K-Mart facility, (i.e. freight falling off skids, or off of other freight causing an incident/accident or injury), regardless of who has possession of these documents.
K-Mart responded that it would provide "a list of all accident reports from 1/1/92 to 8/4/95 that pertain to Penske truck drivers injured while unloading freight at a K-Mart facility" and any supervisor's incident reports and workers' compensation initial claim forms that could be located. On April 15, 1998, the documents had not yet been turned over, and Eakes filed another motion to compel production. In Eakes's April 27, 1998 motion for leave to amend the complaint to add a punitive damages claim, Eakes stated that, based on the 1992 to 1995 incident reports that he had received on April 24, 1998, "it became apparent that K-mart has consistently failed to properly stack and load their freight which has in many instances resulted in serious injury to several Penske truck drivers."
Shortly before trial on May 4, 1998, K-Mart filed a motion inlimine to prevent Eakes from introducing "any evidence regarding incident reports other than the specific report involving Plaintiff" because they were "irrelevant to the contested issues and must be excluded pursuant to Evidence Rule 402." Eakes objected to the motion during a conference in chambers, and the trial court granted K-Mart's motion. The trial court bifurcated the trial into a liability phase and a punitive damages phase, should the jury find for Eakes on liability. The trial court also indicated that Eakes could introduce evidence of prior occurrences at the punitive damages phase if the jury were to find for Eakes as to liability. The case proceeded to trial, and the jury returned a verdict in favor of K-Mart and against Eakes. Eakes now appeals, asserting two related assignments of error.
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE PREVIOUS INCIDENTS AND IN DENYING PLAINTIFFS' SUBSEQUENT MOTION FOR A NEW TRIAL. II. THE TRIAL COURT ERRED BY EXCLUDING PICTURES REGARDING PLAINTIFF'S PREVIOUS INCIDENT AND WITNESS TESTIMONY REGARDING PROBLEMS WITH LOADING SKIDS.
Eakes contends that the trial court should have overruled K-Mart's motion in limine to exclude evidence of prior incidents.
In State v. Grubb (1986), 28 Ohio St.3d 199, paragraph one of the syllabus, the supreme court explained that the effect of granting a motion in limine "is to temporarily prohibit the [proponent of evidence] from making reference to evidence which is the subject of the motion." At trial, it becomes incumbent on the proponent of the evidence "to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal." Id. at 199, paragraph two of the syllabus. Because the issuance of a motionin limine "is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue," absent an appropriate proffer during trial, the ruling is not preserved for appeal "except where the exclusion of the evidence affects a substantial right and the substance of the excluded evidence is apparent from the context of questioning by counsel who later seeks to predicate as error the exclusion of the evidence." Id. at 201-202, citing State v. Gilmore (1986),28 Ohio St.3d 190. See, also, Evid.R. 103(A)(2).
The granting of K-Mart's motion in limine in this case tentatively precluded Eakes at the liability phase of trial from referring to prior accidents in which Penske drivers were injured while unloading K-Mart inventory. During the pretrial conference, Eakes first argued that he had had no time to review or respond to the motion, and K-Mart indicated that "this is really a continuation of the objection that we had filed beginning with a Motion for Protective Order followed by an agreement to produce the records subject to ultimately this decision as to their admissibility" and that "[t]his has been an issue from the time that the information was first requested." The trial court found the motion to be well-taken and stated that, if the jury finds in favor of Eakes and against K-Mart, then Eakes would be permitted to refer to the prior occurrences at the punitive damages phase of trial to show "a continuing pattern." Eakes then argued:
 [Under Rule 402], in a negligence action such as this, and the fact that there have been similar incidents to my client's incident is very relevant to whether this company has been negligent in the past and continues to be negligent in the present.
 [T]here are several incidents that occurred just like my client's incident which happened months before. And there were meetings regarding those incidents, safety meetings. [T]o exclude those incidents would mean that Plaintiff could not present a case either regarding those incidents or regarding the safety meetings that took place prior to my client's incident regarding the loading and stacking of skids.
The trial court again stated its decision to sustain K-Mart's motion.
During the course of trial, the matter of the prior incidents arose several times. When K-Mart cross examined Eakes on his duty of care in unloading K-Mart inventory from the trucks, Eakes renewed his objection to the trial court's ruling on K-Mart's motion in limine:
 [T]hat evidence is now relevant in that it shows that there have been incidents and accidents over and over again. And this wasn't an isolated situation.
 Counsel's makin' this appear as though it was an isolated situation, that was at the discretion of the driver. Those other incidents and accidents show that these are re-occurring events, no matter how safe the driver was.
The trial court overruled Eakes's objection. Additionally, Eakes called as a witness Gary L. Doyle, a K-Mart employee who was the receiving department manager at the Zanesville store and who was present during Eakes's accident. Eakes asked Doyle whether he had ever experienced "any problems during the loading." [We assume that Eakes was actually referring to the process of "unloading" freight at the Zanesville K-Mart store.] K-Mart objected, and the trial court sustained the objection. Finally, during Eakes's examination of Doyle, he asked for a sidebar conference related to the issue of prior occurrences:
 MR. BODDIE: This Witness testified in his deposition that he, on a regular basis, made out manifests and scheduled staff quarterly. I wanna ask him whether he wrote anything in the manifest. [I]t's my understanding I cannot ask him if — if he did this in the past.
 JUDGE GILVARY: That's true. But you can ask him about this one * * * if we get to that later, you can get into it.
MR. BODDIE: Okay.
Prior occurrences are sometimes relevant "to show that a party knew or had notice of a dangerous condition." 1 Giannelli 
Snyder, Evidence (1996) 193, Section 401.11. Prior occurrences are also admissible for the purpose of showing the existence of a danger. Patton v. Cleveland (1994), 95 Ohio App.3d 21, 31. "[I]n order for such occurrences to have been admissible to show prior knowledge on the part of [the defendant], these incidents must have occurred under circumstances substantially similar to those in [the plaintiff's] case." Renfro v. Black (1990), 52 Ohio St.3d 27,32. The trial court has the discretion to determine whether the prior occurrences were substantially similar to the accident in question. Patton, 95 Ohio App.3d at 32. Furthermore, the proponent of prior occurrence evidence has the burden of showing the substantial similarity of the circumstances. Id. at 32.
In this case, evidence of prior occurrences, shown to have been substantially similar to Eakes's accident, would have been relevant to demonstrate K-Mart's knowledge of a dangerous condition, which in turn would have been relevant to show that K-Mart had acted negligently in continuing to load freight in the manner known to have caused injury during the unloading process on prior occasions. However, Eakes failed by proffer or otherwise to demonstrate how the prior occurrences were substantially similar to his August 4, 1995 accident. When the issue arose during trial, Eakes merely argued that the prior occurrences would show that accidents during the unloading of K-Mart freight were a re-occurring situation. Eakes did not discuss the prior occurrences with any specificity so as to satisfy his burden of showing that the prior occurrences were substantially similar to his accident. In Renfro, the supreme court concluded that, because the proponent of prior occurrence evidence had not made any proffer to show how the prior occurrences were substantially similar to the subject incident, the trial court had not abused its discretion in excluding the evidence of prior occurrences. See Renfro, 52 Ohio St.3d at 32. Thus, it was not an abuse of the trial court's discretion to exclude the prior occurrence evidence during the liability phase of trial.
The assignments of error are overruled.
The judgment of the trial court will be affirmed.
GRADY, P.J., concurs in judgment only.
YOUNG, J., concurs.