OPINION.
Defendant-appellant Karsha Radford was found guilty of endangering children and involuntary manslaughter, which resulted from the death of her nine-month-old son. Raising six assignments of error, Radford challenges the admission of her incriminating statements made to police investigators, the prosecutor's vindictive motives in indicting her for involuntary manslaughter, and the manifest weight and the sufficiency of the evidence adduced to support the conviction. Finding no prejudicial error in the admission of her statements, made in the presence of her counsel, and no evidence of improper motives by the prosecutor, and concluding that the judgment is supported by ample evidence of guilt, we affirm the judgment of the trial court.
The evidence adduced at trial established that on the evening of November 5, 1996, at her home, Radford smoked a marijuana-tipped cigar with her live-in boyfriend, Victor Long, and Roosevelt Thornton, a friend. Radford's three children, including nine-month-old Daiquan, were also in the home. About 7:30 p.m., Daiquan began crying in his room. Radford prepared a bottle of infant formula for the child. She then returned to entertain her friends. Long and Thornton left the apartment for about thirty minutes around 8:00 p.m. Radford was alone with the children during this time.
The next morning Long received a page from Radford. Returning to the apartment with another friend, Long found Radford on the telephone with a 911 operator. She informed them that Daiquan had stopped breathing. The friend attempted to resuscitate the infant, who was lying on his stomach in a playpen. His body was stiff and cold with vomitus coming from his mouth and nose. Paramedics were unable to aid the child. The coroner determined that the child had died from blunt-force trauma to the top of his head, which had caused internal hemorrhaging. Because of the presence of food in the stomach, the coroner was of the opinion that Daiquan probably suffered the trauma within three hours of being fed.
That same day, after waiving her right to remain silent, Radford spoke with police investigators. She told them that she did not know what had happened to Daiquan, claiming to have been the only adult who had been with Daiquan the previous evening. Over one year later, Radford again was interviewed by police. Radford then told investigators that, about one or two hours after the 7:30 p.m. feeding, the child began to cry, and Long had entered the child's room. She said Daiquan did not cry again. Following the December 1997 interview, Radford was indicted on one count of endangering children in the case numbered B-9709504.
Counsel was appointed to represent Radford. In the presence of her counsel, Radford was again questioned on February 18, 1998. After again waiving her right to remain silent, Radford returned to her original story, stating to the investigators that she had been the only adult with Daiquan on the evening of November 5, 1996. She did not reveal why she changed her account of the events surrounding her son's death and continued to deny that she had killed Daiquan.
The grand jury returned a new three-count indictment superseding the 1997 indictment and charging Radford with involuntary manslaughter, endangering children, and felonious assault. With newly appointed counsel, she proceeded to trial. The jury found her guilty of involuntary manslaughter and endangering children. It found her not guilty of felonious assault. The trial court merged the offenses for sentencing and imposed a seven-year prison term.
In two interrelated assignments of error, Radford challenges the weight and the sufficiency of the evidence adduced to support her conviction for endangering children, in violation of R.C.2919.22(B) (2), and for involuntary manslaughter, in violation of R.C. 2903.04(A).
Our review fails to persuade us that the jury, acting as the trier of fact, clearly, lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Tibbs v. Florida (1982),457 U.S. 31, 102 S.Ct. 2211; State v. Thompkins (1997), 78 Ohio St.3d 380,387, 678 N.E.2d 541, 546-547. In weighing the testimony and evidence adduced at trial, the jury was entitled to conclude that Radford was the only person with Daiquan during the time that the fatal injuries were sustained. Moreover, the record reflects substantial, credible evidence from which it could have reasonably concluded that all elements of the crimes were proven beyond a reasonable doubt. State v. Waddy (1991), 63 Ohio St.3d 424,588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921,113 S.Ct. 338. The first and second assignments of error are overruled.
Radford argues, in her fourth assignment, that her first counsel's ineffectiveness in allowing the February 18, 1998, meeting with police investigators constituted sufficient grounds for the suppression of the inculpatory statements in which she eliminated Long as the perpetrator of the offense.
In her October 5, 1998, motion to suppress, made pursuant to Crim.R. 12(B) (3), she argued only that her statements were taken in violation of her right to the effective assistance of counsel, as identified in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, and guaranteed by the Sixth Amendment to the United States Constitution and by the Ohio Constitution. Her first counsel, the investigating officer, and Radford testified, at the hearing on the motion to suppress, that counsel attended and participated in the meeting and that Radford signed and acknowledged a waiver-of-Miranda-rights form. The trial court employed the Strickland two-part test for ineffective assistance of trial counsel and overruled the motion, finding no substantial violation of counsel's duties and no prejudice to Radford.
The United States Supreme Court has repeatedly held that "the exclusionary rule is an essential part of both theFourth and Fourteenth Amendments." Mapp v. Ohio (1961),367 U.S. 643, 657, 81 S.Ct. 1684, 1693 (emphasis added). Neither party has identified any legal authority that would permit a trial court to apply the exclusionary rule to a claim based solely upon theSixth Amendment guarantee of the effective assistance of counsel in the context of a pretrial meeting with police officers. Indeed, the application of the Strickland test itself by a trial court in a pretrial hearing is problematic at best. The second prong of the test requires the court conducting the review to determine whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694,104 S.Ct. at 2068. How that determination can be made before there is a "result of the proceeding" is unclear.
This decision should not be construed, however, to preclude a trial court's pretrial inquiry, upon proper motion, into the voluntariness of a custodial interrogation under theFifth Amendment, see, e.g., Miranda v. Arizona, (1966),384 U.S. 436, 86 S.Ct. 1602, or into whether the police deliberately elicited incriminating statements in the absence of counsel, in violation of the Sixth Amendment, see Massiah v. United States
(1964), 377 U.S. 201, 84 S.Ct. 1199. Moreover, a trial court may inquire, before or during a trial, into whether an accused is being denied the effective assistance of counsel by, for example, prosecution restrictions upon counsel, or by the existence of a conflict of interest in the representation of a co-defendant, see,e.g., Holloway v. Arkansas (1978), 435 U.S. 475, 98 S.Ct. 1173. The fourth assignment of error is overruled.
In her third assignment of error, Radford argues, more conventionally, that her initial counsel's ineffectiveness in handling the February 18, 1998, meeting with police investigators is sufficient grounds for the reversal of her convictions.
After reviewing all the proceedings in the trial court, including the two pretrial hearings concerning the February meeting, and in light of the lack of a guilty verdict on one of the counts charged, we hold that the record does not demonstrate any substantial violation of counsel's duties or any prejudice to Radford such that "the result of the proceeding would have been different" in the absence of the cited conduct. Strickland v.Washington, 466 U.S. at 694, 104 S.Ct. at 2068. The record does not demonstrate that she was deprived of a substantive or procedural right that rendered the trial fundamentally unfair. See Lockhart v. Fretwell (1993), 506 U.S. 113 S.Ct. 838, 844. The third assignment of error is overruled.
In her fifth assignment of error, Radford argues that statements she made to police investigators at the February 1998 meeting were inadmissible pursuant to Evid.R. 410, as the statements were offered as part of a plea negotiation. The trial court overruled her pretrial motion in limine. While announcing its ruling, the trial court noted the preliminary nature of a motion in limine, informing Radford that if the state "inquire[s] about the statements, you can object." In the state's case-in-chief, Radford's statement to police that she was the only person who was in Daiquan's room was offered without objection. T.p. 303.
While the state argues this assignment on the merits, Radford's failure to renew the objection raised by her motion in limine has waived any error except plain error. Evid.R. 103(A); see State v.Grubb (1986), 28 Ohio St.3d 199, 203, 503 N.E.2d 142, 146.
As the trial court correctly determined, any expectation by Radford that she was negotiating a plea bargain was unreasonable in light of the testimony. Her substantial rights were not affected by the admission of these statements. See State v.Frazier (1995), 73 Ohio St.3d 323, 652 N.E.2d 1000, syllabus; see, also, Evid.R. 103(D). The fifth assignment of error is overruled.
In her last assignment of error, Radford claims error in the trial court's refusal to dismiss the indictment, which she claims was the product of prosecutorial vindictiveness for her failure to identify her boyfriend as the perpetrator of the offense and for her continued denial of any wrongdoing. The record is silent as to any actual vindictiveness. The mere fact that a defendant refuses to cooperate, thereby forcing the state to prove its case, is insufficient to warrant a presumption that the prosecutor's decision to issue new charges is improper. See United States v.Goodwin (1982), 457 U.S. 368, 384, 102 S.Ct. 2485, 2494. The sixth assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
 Hildebrandt, P.J., and Painter, J., concur.