This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, William Kerr, has appealed the decision of the Medina Municipal Court, which denied appellant's motion in limine to prevent the introduction into evidence of field sobriety tests. This Court affirms.
Appellant was charged with operating a vehicle under the influence of alcohol, a violation of R.C. 4511.19(A)(1); operating a motor vehicle in violation of R.C. 4511.33, the marked lanes statute; and failure to wear a seatbelt as operator of a vehicle, in violation of R.C. 4513.26.3. Appellant initially pled not guilty and filed a motion to suppress certain evidence obtained during his arrest. The trial court denied appellant's motion to suppress. Appellant then filed a motion in limine to prevent the introduction of the field sobriety tests conducted by the arresting officer into evidence. The trial court denied appellant's motion in limine. Appellant then changed his plea to no contest on all charges. The trial court accepted appellant's plea of no contest and sentenced him accordingly.
Appellant timely appealed and has set forth one assignment of error for review.
 ASSIGNMENT OF ERROR THE TRIAL COURT IMPROPERLY RULED THAT THE FIELD SOBRIETY TESTS WERE ADMISSIBLE IN A DRIVING UNDER THE INFLUENCE CHARGE DESPITE THE OFFICERS' FAILURE TO STRICTLY COMPLY WITH THE STANDARDIZED PROCEDURES AS SET FORTH IN THE NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION STUDENT MANUAL.
Appellant has argued that the trial court erred in overruling his motion in limine.
A ruling on a motion in limine is an interlocutory ruling as to the potential admissibility of evidence at trial and cannot serve as the basis for reviewing error on appeal. State v. Grubb (1986), 28 Ohio St.3d 199,201-202. Since a ruling on a motion in limine is only preliminary, an objection to such must be raised once the evidentiary issue is presented during trial in order to properly preserve the question for appeal. Statev. Maurer (1984), 15 Ohio St.3d 239, 259-260
In the case sub judice, appellant pled no contest rather than taking the case to trial. Accordingly, the issue is not properly before this Court. Appellant's sole assignment of error is overruled.
The decision of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
BAIRD, P.J., BATCHELDER, J. CONCUR.