THE STATE OF OHIO, APPELLEE, *v.* GRUBB, APPELLANT.

[Cite as State *v.* Grubb (1986), 28 Ohio St. 3d 199.]

(No. 86-168—Decided December 26, 1986.)

*Richard B. Meyers,* prosecuting attorney, for appellee.

*Kimble, Stevens, Young, Clark, Spears & Rodeheffer* and *Roger L. Clark,* for appellant.

WRIGHT, J. Although appellant seeks a determination of what he considers the propriety of the trial court's exclusion of the police station incident, the first issue presented for review is whether appellant preserved the record on appeal when, despite the allowance of the state's motion *in limine,* no evidence was proffered at trial in relation to that incident. For the reasons to follow we conclude that when appellant failed to present in any manner the evidence, which he claims was relevant pursuant to Evid. R. 401, he failed to preserve the claimed error and waived his right to seek review of the alleged preclusion on appeal.

Our inquiry commences with an examination of the purpose and effect of a motion *in limine.* A "motion *in limine*" is defined in Black's Law Dictionary (5 Ed. 1979) 914, as "[a] written motion which is usually made before or after the beginning of a jury trial for a protective order against prejudicial questions and statements * * * to avoid injection into trial of matters which are irrelevant, inadmissible and prejudicial[,] and granting

of [the] motion is not a ruling on evidence and, where properly drawn, granting of [the] motion cannot be error. *Redding* v. *Ferguson,* Tex. Civ. App. [1973], 501 S.W. 2d 717, 724." It is noteworthy that the rationale of the *Redding* case, upon which Black's Law Dictionary predicates its definition, has previously been adopted by this court. See *State* v. *Maurer* (1984), 15 Ohio St. 3d 239, 259.

As was recognized in *Riverside Methodist Hosp. Assn.* v. *Guthrie* (1982), 3 Ohio App. 3d 308, 310, although the motion receives widespread use in Ohio courts, "* * * it is frequently misused and misunderstood. * * *" In *State* v. *Spahr* (1976), 47 Ohio App. 2d 221 [1 O.O.3d 289], the court reasoned in paragraph one of the syllabus:

"As related to trial, a motion *in limine* is a precautionary request, directed to the inherent discretion of the trial judge, to limit the examination of witnesses by opposing counsel in a specified area until its admissibility is determined by the court outside the presence of the jury." The power to grant the motion is not conferred by rule or statute, but instead lies within the inherent power and discretion of a trial court to control its proceedings. *Id.* at 224. *Riverside Methodist Hosp. Assn.* v. *Guthrie, supra,* at 310. See, also, Evid. R. 103(A) and 611(A). The function of the motion as a precautionary instruction is to avoid error, prejudice, and possibly a mistrial by prohibiting opposing counsel from raising or making reference to an evidentiary issue until the trial court is better able to rule upon its admissibility outside the presence of a jury once the trial has commenced. In this sense, use of the motion serves the interests of judicial economy, as well as the interests of counsel and the parties, by helping to reduce the possibility of the injection of error or prejudice into the proceedings. Accord Annotation (1975), 63 A.L.R. 3d 311.

One commentator has described the use of a motion *in limine* in Ohio as follows[1]:

"* * * [I]t may be used as a means of raising objection to an area of inquiry to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial. It is a precautionary request, directed to the inherent discretion of the trial judge, to limit the examination of witnesses by opposing counsel in a specified area until its admissibility is determined by the court outside of the presence of the jury. *The sustaining of a motion in limine does not determine the admissibility of the evidence to which it is directed.* Rather it is only a preliminary interlocutory order precluding questions being asked in a certain area until the court can determine from the total circumstances of the case whether the evidence would be admissible.* * *" (Emphasis added.) Accord *State* v. *Leslie* (1984), 14 Ohio App. 3d 343.

Thus, a motion *in limine,* if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treat-

---

[1] Palmer, Ohio Rules of Evidence Rules Manual (1984), at 446.

ment of the evidentiary issue. In virtually all circumstances finality does not attach when the motion is granted. Therefore, should circumstances subsequently develop at trial, the trial court is certainly at liberty "* * * to consider the admissibility of the disputed evidence in its actual context." *State* v. *White* (1982), 6 Ohio App. 3d 1, at 4.

An exception to the aforementioned rule is contained in the recent case of *State* v. *Davidson* (1985), 17 Ohio St. 3d 132. Therein, a motion *in limine* was granted at the defendant's request prohibiting the state from, *inter alia,* introducing any testimony or exhibits on the subject of " 'alcohol and/or the consumption of alcohol and/or photographs reflecting or depicting the presence of alcohol in or about the scene of the accident which is the subject matter of this prosecution * * *.' " *Id.* at 133. One of the charges against the defendant was that she had been driving while under the influence of alcohol in violation of R.C. 4511.19(A)(3). In construing the issuance of the motion as a final appealable order from which the state could perfect an appeal, we stated in the syllabus the following rule:

"Any motion, however labeled, which, if granted, *restricts the state* in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, is, in effect, a motion to suppress. The granting of such a motion is a final order and may be appealed pursuant to R.C. 2945.67 and Crim. R. 12(J)." (Emphasis added.)

The instant motion made at the state's insistence was not the functional equivalent of a motion to suppress and, therefore, was nothing more than a tentative, interlocutory order. As such, appellant could have proffered the temporarily prohibited evidence outside the presence of the jury when the issue arose during trial and, if the proffered evidence was then excluded, he could have perfected an appeal as of right from the trial court's final judgment at the conclusion of the case. *Id.* at 134.

The question necessarily arises whether the granting of a motion *in limine* relieves opposing counsel of the burden of making a proffer of the evidence when the issue becomes ripe for consideration during the course of the trial. Stated otherwise, does the issuance of a motion *in limine,* in and of itself, preserve the record for opposing counsel on appeal? We conclude that it does not, except where the exclusion of the evidence affects a substantial right *and* the substance of the excluded evidence is apparent from the context of questioning by counsel who later seeks to predicate as error the exclusion of the evidence. Cf. *State* v. *Gilmore* (1986), 28 Ohio St. 3d 190.

Professor Palmer discusses this aspect of the motion, stating:

"* * * When sustained, *losing counsel should make a proffer of the otherwise excluded evidence at the proper time during the trial and have a second [and hence final] determination or hearing by the court as to its admissibility. * * *

"Although extremely useful as a trial technique, *the ruling in a motion in limine does not preserve the record on appeal.* The ruling is as [*sic*] tentative, preliminary or presumptive ruling about an evidentiary issue that is anticipated but has not yet been presented in its full context. *An appellate court need not review the propriety of such an order unless the claimed error is preserved by an objection, proffer, or ruling on the record when the issue is actually reached and the context is developed at trial.*"[2] (Emphasis added.)

The aforementioned statement is an accurate and well-reasoned summarization of the failure to preserve error after an order is entered granting a motion *in limine.* Thus in *State* v. *Leslie, supra,* at 344, the court stated:

"An order granting or denying a motion *in limine* is a tentative, preliminary or presumptive ruling about an evidentiary issue that is anticipated. An appellate court need not review the propriety of such an order unless the claimed error is preserved by a timely objection when the issue is actually reached during the trial. *State* v. *White* (1982), 6 Ohio App.3d 1; see, also, Evid. R. 103(A)(1)."

Likewise, in *State* v. *Wilson* (1982), 8 Ohio App. 3d 216, the court reasoned at 220 that the "[f]ailure to object to evidence at the trial constitutes a waiver of any challenge, regardless of the disposition made for a preliminary motion *in limine.* Evid. R. 103(A)(1); *State* v. *White, supra; Fetzek* v. *Lafon* (December 13, 1979), Franklin App. No. 79AP-419, unreported." See, also, *Caserta* v. *Allstate Ins. Co.* (1983), 14 Ohio App. 3d 167, 170; *State* v. *Maurer, supra,* at 259-260.

Again, it is the interlocutory or tentative nature of the motion which compels us to reach this conclusion. The effect of the granting of a motion *in limine* in favor of the state in a criminal proceeding is to temporarily prohibit the defendant from making reference to evidence which is the subject of the motion. At trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion *in limine,* to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal.[3] Cf. *State* v. *Gilmore, supra.* In the case at bar, appellant failed to make any such proffer and therefore we conclude, consistent with Evid. R. 103, that he waived his right to object to the evidentiary issue on appeal.

---

[2] *Id.*

[3] At oral argument, appellant suggested that it might be "unwise" to again bring to the trial court's attention an evidentiary matter forming the basis of a motion *in limine* which was previously presented to the court and granted. Appellant's rationale was that the proffer might irritate the judge, in that the judge had previously indicated that such evidence was inadmissible. Suffice it to say that after the grant of a motion *in limine,* a party is not only entitled to make a proffer of evidence, but is so required, and the failure of a trial court to allow the proffer would constitute an abuse of discretion.

For the foregoing reasons, the judgment of the court of appeals, upholding appellant's conviction, is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.