OPINION
This appeal is brought by James Risk, from a judgment of the Court of Common Pleas of Putnam County, finding him guilty of theft by deception, in violation of R.C. 2913.02(A)(3). Appellant raises the issues that he was prejudiced by the trial court's failure to limit "other acts" evidence and by his own counsel's failure to object to "other acts" evidence at trial. For the reasons that follow, we affirm the conviction.
On October 24, 1996, James Risk contracted to move a house for Virgil Lee Britsch. Britsch agreed to pay Risk $10,000 for the work and Risk agreed to move the house by Thanksgiving of 1996. By May of 1997, Britsch had paid Risk the full contract price but Risk had not moved the house.
In September of 1997, after hearing many excuses by Risk as to why the worked was not completed, Mr. Britsch complained to the Putnam County Prosecuting Attorney's Office. Following further investigation, Risk was indicted on a charge of theft by deception, in violation of R.C. 2913.02(A)(3), on March 12, 1998. In October of 1998, the case was tried before the court of common pleas. Risk was subsequently found guilty of theft by deception, a fourth degree felony.
Appellant now appeals from his conviction, asserting two errors for our review.
I.
 The trial court erred by denying the Defendant's motion in limine thereby allowing the admission of highly damaging and unfairly prejudicial testimony of "other acts."
On May 5, 1998, Appellant filed a motion in limine seeking to restrict the State's presentation of "other alleged dissatisfied previous customers of the Defendant which the State maintains would establish the intent of the Defendant to defraud the victim in this case." The State filed a memorandum in opposition to the motion in limine. On July 15, 1998, the trial court overruled the motion. In his first assignment of error, Appellant complains that the trial court improperly overruled his pretrial motion in limine regarding this "other acts" evidence.
A review of the record reveals that three of Appellant's prior customers were called by the State to testify at trial regarding their business experiences with Appellant. Appellant did not object at trial to the testimony offered by these three witnesses. This fact is fatal to Appellant's first assignment of error.
A ruling on a motion in limine is "a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue." State v. Grubb (1986), 28 Ohio St.3d 199, 201-202; McCabe/Marra Co. v. Dover (1995), 100 Ohio App.3d 139, 160. This court does not directly review the rulings on motions in limine since the denial of a motion in limine is not a final decision of the trial court. State v. Hill (1996), 75 Ohio St.3d 195, 202-203. The evidence at issue in a motion in limine must be presented at trial, and a proper objection made, in order to preserve the error for appeal. State v. Brown (1988), 38 Ohio St.3d 305, paragraph three of the syllabus. Thus, the failure to raise the issues advanced in the motion in limine at trial waives the right of the objecting party to raise them on appeal. Grubb, 28 Ohio St.3d at 203. Consequently, we must overrule Appellant's first assignment of error.
II.
 The Defendant was denied effective assistance of counsel as guaranteed under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10
of the Ohio Constitution because counsel failed to timely object to the introduction of inadmissible evidence.
In a claim of ineffective assistance of counsel, the burden is on the Appellant to prove that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668, 687; State v. Bradley (1989), 42 Ohio St.3d 136. The Supreme Court of Ohio has held that counsel's performance is deficient if it falls below the objective standard of reasonable representation. Bradley, 42 Ohio St.3d at paragraph two of the syllabus. In order to show prejudice from counsel's deficient performance, Appellant must demonstrate that but for counsel's errors, the outcome of the trial would have been different. Id. at paragraph three of the syllabus. Furthermore, there exists a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.
In his second assignment of error, Appellant alleges that he was denied effective assistance of counsel because his counsel failed to object to the State's cross-examination of Appellant, thus allowing for prejudicial evidence to come in at trial. Specifically, Appellant complains that he was cross-examined regarding his job contracts with four former clients. During cross-examination, Appellant admitted at trial that he took money from these clients and did not complete the job of moving their houses. Appellant claims that his trial counsel should have objected to this testimony because, cumulatively, the statements were unfairly prejudicial to his case. Also, Appellant contends there was insufficient proof to these "other acts" to allow their blanket entry into evidence.
First, we find that Appellant opened the door to questioning about his former clients during his direct examination. Appellant testified about the progression of his work for other clients in an attempt to explain the delay he was having in moving Mr. Britsch's house. Appellant testified about various projects and his troubles in completing jobs for other clients, blaming bad weather and a myriad of equipment problems for stalling work. Delays in these projects ultimately delayed his performance in moving Mr. Britsch's home. The State's questioning of Appellant about his prior clients and the extent to which he completed work for them was well within the scope of cross-examination. Moreover, Appellant cannot argue that there was insufficient proof of these other acts to allow for their admission when Appellant himself described and admitted to the acts at trial.
Second, it is clear to this court that the reason Appellant offered this information in his testimony on direct was to defend against the claim that he intended to deprive and deceive Mr. Britsch of his property. The charge of theft by deception required the State to demonstrate that Appellant, "with purpose to deprive the owner of property," knowingly obtained or exerted control over the property, by deception. [Emphasis added.] R.C.2913.02(A)(3). Appellant testified, recounting the number of jobs he was scheduled to perform for other clients, the weather and equipment problems he encountered, and the resulting backlog of work. This was an attempt to show that he did not intend to deprive clients of their property, but rather that he was prohibited from timely completing the work because of factors out of his control. Such "[s]trategy and tactical decisions exercised by defense counsel, being 'well within the rage of professionally reasonable judgment,' need not be analyzed by a reviewing court." State v. Walker (1993), 90 Ohio App.3d 352, 359, quoting Strickland, 466 U.S. at 699. Although the court was not ultimately persuaded as to Appellant's defense, we cannot find counsel's performance was deficient in this respect. Appellant's second assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
HADLEY and SHAW, JJ., concur.