DECISION AND JUDGMENT ENTRY
Appellant is Randy Glisson. A preteen friend of his daughter accused him of engaging in sexual contact with her. As a result of this allegation, appellant was arrested by Norwalk police who took him to the city's police station where he was read his rights pursuant to Mirandav. Arizona (1966), 384 U.S. 436. Appellant waived these rights in writing and submitted to a police interview, which was secretly videotaped.
Ultimately, appellant was indicted for gross sexual imposition. He pled not guilty and moved to suppress the videotaped statement. The court found appellant's waiver of Miranda voluntary and denied blanket suppression. With respect to the tape, the court ruled that edited portions could be used at trial for limited purposes. Subsequent to the court's ruling, appellant pled no contest and was found guilty of the amended charge of attempted gross sexual imposition.
Appellant now appeals, complaining in three assignments of error that: 1) the videotape recording of his interrogation should have been suppressed because police never informed him that he was being recorded; 2) his statement should have been suppressed because the officer administering his Miranda rights did not stop after each right to inquire if appellant understood what was told him; and, 3) the court's in limine
decision to permit the state to use portions of the videotape was erroneous.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
In his brief, appellant concedes that his third assignment of error is unavailing. We concur. State v. Grubb (1986), 28 Ohio St.3d 199,201-202. Accordingly, appellant's third assignment of error is not well-taken.
With respect to his first two assignments of error, appellant has failed to provide us with any authority that the Miranda warning must be read with a specific cadence or that police may not record a subject's voluntary interview. In this matter, the evidence shows that appellant understood and voluntarily waived his right to remain silent. Likewise, whether the interview was recorded — secretly or not, neither adds to nor detracts from that waiver. Accordingly, appellant's first and second assignments of error are not well-taken.
On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J. Mark L. Pietrykowski, P.J.
CONCUR.