OPINION
{¶ 1} This is an appeal from the judgment of the Hardin Municipal Court in Kenton, Ohio which found Defendant-appellant, Joyce Lamb (Lamb), guilty of selling cigarettes to a minor in violation of R.C.2927.02.
 {¶ 2} On March 6, 2002, Lamb sold a pack of cigarettes to a seventeen-year-old informant for the Ohio Department of Public Safety. She was charged under R.C. 2927.02(B)(1) for illegally selling cigarettes to a minor. On March 13, 2002, Lamb pled not guilty to the charge. On April 15, 2002, Lamb filed a motion in limine in order to prohibit the prosecution from introducing any evidence which establishes R.C. 2927.02
as a strict liability offense. The trial court overruled Lamb's motion in limine. On April 19, 2002, Lamb changed her plea to no contest. The trial court found her guilty and fined her $25.00 and costs.
 {¶ 3} Lamb now appeals asserting a single assignment of error, "The trial court did err by denying the defendant's motion in limine and ruling the culpable mental state was a strict liability offense for a violation of R.C. 2927.02(B)(1)."
 {¶ 4} A motion in limine "`may be used as a means of raising objection to an area of inquiry to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial. It is a precautionary request, directed to the inherent discretion of the trial judge, to limit the examination of witnesses by opposing counsel in a specified area until its admissibility is determined by the court outside of the presence of the jury. The sustaining of a motion in limine does notdetermine the admissibility of the evidence to which it is directed. Rather it is only a preliminary interlocutory order precluding questions being asked in a certain area until the court can determine from the total circumstances of the case whether the evidence would be admissible. * * *'" State v. Grubb (1986), 28 Ohio St.3d 199, 201, (quoting Palmer, Ohio Rules of Evidence Rules Manual (1984), at 446). Furthermore, as an appellate court, we need not review the propriety of a grant or denial of a motion in limine unless the claimed error is preserved by a timely objection when the issue is actually developed at trial. Id.; see also State v. Overmyer (Nov. 6, 2000), Paulding App. No. 11-2000-07 at *3.
 {¶ 5} While most cases employing this rule involve the admissibility or inadmissibility of evidence rather than a ruling of law, we find that the rationale behind this rule also supports its application to a case in which the trial court rules on both an issue of law and the admissibility of evidence. See generally State v. Hershner
(June 8, 2000), Athens App. No. 99CA58 at *4.
 {¶ 6} In this case, Lamb filed a motion in limine which was denied. However, as stated above, this was merely a preliminary ruling and as such Lamb was required to renew her objections to preserve the issue for appeal. As Lamb did not proceed to trial, she did not renew the objection and therefore, waived any appeal on this issue. See Statev. Kerr (May 1, 2002), Medina App. No. 3205-M, 2002-Ohio-2095 at *1;State v. Schubert (Dec. 22, 1986), Seneca App. No. 9-86-29 at *1. Consequently, Lamb's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.