[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Defendant-appellant Jason Hutson appeals from his conviction by the Hamilton County Municipal Court, following a bench trial, for driving with a prohibited breath-alcohol content in violation of R.C.4511.19(A)(3). Because evidence of Hutson's intoxication, gained from his stop for speeding, following a pursuit outside the arresting officer's territorial limits, was admissible pursuant to R.C. 2935.03(D), the judgment of the trial court is affirmed.
{¶ 3} On the night of March 3, 2001, Sharonville police officer Mark Preuss, operating a laser unit from his stationary cruiser, observed Hutson traveling 100 m.p.h. on westbound Interstate 275. The officer gave chase and stopped Hutson just outside the county line, in Butler County, Ohio. Officer Preuss approached Hutson and detected the odor of alcohol coming from within the automobile. He noticed two beer cans in the vehicle. Hutson presented the officer with a state identification card rather than a driver's license. The card showed that Hutson was twenty years old. Officer Preuss had Hutson step from the vehicle to ascertain if the alcohol odor was coming from him or from his passenger. Preuss observed Hutson's red and watery eyes. He admitted to drinking two beers. Hutson failed a field sobriety test and was taken to the Sharonville police station for a breathalyzer test. He was charged with driving under the influence of alcohol, driving with a prohibited breath-alcohol content, and speeding. The driving-under-the-influence charge was dismissed at the conclusion of the trial.
{¶ 4} In his first assignment of error, Hutson claims that the trial court erred in denying his motion in limine, and, over his objection, in permitting the arresting officer to testify to matters learned from the traffic stop. Because the stop and subsequent arrest were made outside Sharonville, Hutson argues, the arrest was in contravention of R.C. 2935.03, and the evidence gained from it was inadmissible.
{¶ 5} R.C. 2935.03(D) permits a municipal police officer to arrest and detain, outside the limits of the municipality, an individual committing an offense for which points are chargeable within the officer's territory. The officer must have initiated the pursuit within his territory and without unreasonable delay after observing the offense. See R.C. 2935.03(D)(1). The officer may arrest and detain the offender until a warrant can be obtained. See R.C. 2935.03(D).
{¶ 6} Hutson correctly notes that the Fourth Amendment proscription against unreasonable searches and seizures does not apply in this case, as any violation of a state statute could not have risen to the level of a constitutional violation. See State v. Weideman,94 Ohio St.3d 501, 505, 2002-Ohio-1484, 764 N.E.2d 997. Moreover, even if an officer does violate R.C. 2935.03 in detaining a suspect, the trial court is not required to suppress all evidence flowing from the stop. See id., syllabus. The admission of relevant evidence, especially where the trial court sits as the trier of fact, without the intervention of a jury, is committed to the sound discretion of the trial court. See Evid.R. 403.
{¶ 7} Here, the arresting officer observed Hutson traveling forty miles per hour over the speed limit — an offense for which points were chargeable — within his municipality. He quickly pursued Hutson and succeeded in detaining him outside the limits of the municipality. The arresting officer acted in conformity with R.C.2935.03(D) in detaining Hutson. Any prejudice that may have arisen from the arresting officer's failure subsequently to obtain a warrant or to summon Butler County sheriff's deputies to conduct the remainder of the investigation was for the trial court to evaluate in light of the extremely probative evidence of Hutson's intoxication gained from the officer's initial detention of Hutson. We hold that the trial court did not abuse its discretion in overruling the motion in limine or in permitting the officer to testify as to the indicia of Hutson's intoxication that he observed. See State v. Grubb (1986),28 Ohio St.3d 199, 503 N.E.2d 142. The first assignment of error is overruled.
{¶ 8} In two interrelated assignments of error, Hutson contends that the trial court erred in denying his motions to suppress evidence of his intoxication and his incriminating statement that he had been drinking.
{¶ 9} The test for probable cause to arrest without a warrant is whether the facts and circumstances within an officer's knowledge are sufficient to warrant a prudent individual in believing that the accused has committed or is committing an offense. See State v. Heston (1972),29 Ohio St.2d 152, 155-156, 280 N.E.2d 376, citing Beck v. Ohio (1964),379 U.S. 79, 91, 85 S.Ct. 223; see, also, State v. Deters (1998),128 Ohio App.3d 329, 333-334, 714 N.E.2d 972. Review of the trial court's findings of fact and legal conclusions entails a two-step inquiry. SeeOrnelas v. United States (1996), 517 U.S. 690, 699, 116 S.Ct. 1657,1663. The credibility of the arresting officer who testified at the hearing on the motion was for the trial court, sitting as the trier of fact, to determine. See State v. DePew (1988), 38 Ohio St.3d 275, 277,528 N.E.2d 542.
{¶ 10} The trial court found, and the record supports the conclusion, that Hutson was traveling well in excess of the speed limit, that he smelled of alcohol, that his eyes were red and watery, that he admitted consuming alcohol under the legal age, that beer cans were inside the vehicle, and that he failed a field sobriety test. Taken together, as a matter of law, these facts and circumstances provided a prudent officer with probable cause to arrest Hutson for operating a motor vehicle while under the influence of alcohol. See State v. Deters.
{¶ 11} The trial court was also in the best position to evaluate whether Hutson was in custody before he made the incriminating admission that he had consumed alcohol before operating his vehicle. Warnings against self-incrimination are only required if a suspect undergoes custodial interrogation. See Miranda v. Arizona (1966), 384 U.S. 436,444, 86 S.Ct. 1602. Because traffic stops made on a public roadway are less coercive than the type of custodial interrogation for which Miranda
warnings are designed, persons temporarily detained pursuant to traffic stops are not ordinarily in custody for purposes of Miranda. See Berkemerv. McCarty (1984), 468 U.S. 420, 440, 104 S.Ct. 3138. Thus, a police officer need not give Miranda warnings before conducting a sobriety inquiry to aid in determining whether the officer has probable cause to arrest the driver. See State v. Eberhart, 1st Dist. No. C-010346, 2002-Ohio-1140.
{¶ 12} Therefore, the trial court did not err in denying the motion to suppress, and the evidence and the statements that flowed from the arrest were properly admitted in the state's case-in-chief. SeeOrnelas v. United States; see, also, State v. Robinette (1997),80 Ohio St.3d 234, 685 N.E.2d 762, paragraph three of the syllabus. The second and third assignments of error are overruled.
{¶ 13} Therefore, the judgment of the trial court is affirmed.
{¶ 14} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.