OPINION
Chris McIntosh appeals from a judgment of the Montgomery County Court of Common Pleas adopting a magistrate's decision and dismissing his complaint against appellee Doug Oen.
In his sole assignment of error, McIntosh contends the trial court erred by failing to consider an affidavit accompanying his objections to the magistrate's decision. The affidavit concerned an evidentiary ruling the magistrate allegedly made during an unrecorded pre-trial conference. McIntosh argues that the trial court was obligated to consider the affidavit because no other record of the magistrate's ruling was available.
The present litigation stems from a lawsuit in Butler County involving Chris McIntosh's younger brother, Curtis, and appellee Oen. While the other lawsuit was pending, Oen fell from a tree and required hospitalization. As a result of the accident, Oen sought a continuance of the trial date in the Butler County case. Thereafter, appellant McIntosh and his brother began following Oen with a video camera as he performed work-related sales calls. The taping apparently was done to prove that Oen was not injured seriously enough to warrant a continuance.
On November 18, 1999, Oen observed the McIntosh brothers taping him, and he called the police to find the nearest police station. Oen then drove toward the police station and stopped 50 yards away. The McIntosh brothers followed him in their car and stopped one block from Oen. In response to the call from Oen, deputies arrived and investigated the incident. In so doing, they frisked appellant McIntosh and placed him in the back of a police cruiser for approximately 20 minutes. An officer also questioned Oen, who "explained the situation and indicated that he was not sure of the intentions of the McIntosh brothers with their continued pursuit[.]" (Magistrate's Decision, Doc. #53 at 2). Oen "did not request or encourage the officer to take any specific action" against the appellant, who was released without being charged after speaking to an officer about the incident. (Id. at 2-3).
On November 17, 2000, appellant McIntosh filed a three-count complaint against Oen, alleging false arrest, false imprisonment, and assault/battery. (Doc. #1). The matter proceeded to trial before a magistrate, who ruled in favor of Oen and dismissed the complaint. With respect to the false arrest and false imprisonment claims, the magistrate found that Oen did not detain McIntosh and did not direct the police to detain him. (Doc. #53 at 3). Concerning the assault and battery claim, the magistrate found that McIntosh was not injured as a result of being placed in a police car and that "there was no verbal or physical contact" between Oen and McIntosh. (Id. at 4). Finally, the magistrate sua sponte considered the possibility of a civil conspiracy or aiding-and-abetting claim. The magistrate rejected such claims, however, as "there was no evidence that [Oen] participated in any civil conspiracy or aiding-abetting by encouraging or inciting any assault, battery, and/or false imprisonment." (Id. at 5-6). To the contrary, the magistrate reasoned:
 ". . . It was entirely reasonable for the Defendant to call the police and report that he was being followed given the history of the parties and the potential for confrontation. What the police did in response to the call was not a result of any action of the Defendant, but appears to be standard procedure in investigating a situation such as this. As such, the actions of the police were entirely the responsibility of the police and cannot be transferred or imputed to the Defendant, without any facts to prove a conspiracy to commit an assault, battery or false imprisonment." (Id. at 6).
McIntosh subsequently filed objections to the magistrate's decision, arguing, inter alia, that the magistrate improperly excluded from evidence an audio tape of Oen's call to police. According to McIntosh, Oen's manner of speech suggested that he was not in fear for his safety. In his objections, McIntosh asserted that the magistrate excluded the tape for reasoning pertaining to authentication and/or chain-of-custody issues. McIntosh supported his objections with an affidavit in which he averred, in relevant part:
 "3. An Audiotape of the defendant speaking at the time was listed on the pre-trial statement and was to have been introduced at trial but was excluded from evidence during the final pre-trial conference." (Affidavit, accompanying Doc. #54).
The trial court subsequently overruled McIntosh's objections and adopted the magistrate's decision on June 4, 2002. (Doc. #61). In so doing, the trial court noted McIntosh's failure to file a trial transcript of the proceedings before the magistrate. Absent a record to review, the trial court summarily adopted the magistrate's decision. (Id. at 3). The trial court did not address McIntosh's affidavit or the fact that the pertinent evidentiary ruling allegedly occurred during a pre-trial conference and, therefore, would not have been found in a trial transcript.
On appeal, McIntosh contends the trial court erred in failing to review his affidavit, which he provided to support his claim that the audio tape improperly was excluded from evidence. According to McIntosh, the audio tape would have established Oen's intent to cause a false arrest, false imprisonment, and assault/battery. Upon review, we find McIntosh's assignment of error to be unpersuasive for at least three reasons.
First, McIntosh alleges that the magistrate excluded the audio tape in response to a motion in limine filed by Oen. (Appellant's Brief at 3). The magistrate allegedly made her ruling orally during an unrecorded pre-trial conference. (Affidavit, accompanying Doc. #54). Even if this assertion is true, however, McIntosh failed to preserve any error for appellate review. The Ohio Supreme Court has recognized that a motion in limine, if granted, is a tentative, interlocutory and precautionary ruling that reflects the trial court's anticipatory treatment of an evidentiary issue. State v. Grubb (1986), 28 Ohio St.3d 199, 201-203. A party who has been precluded from introducing evidence by virtue of a motion in limine still must seek to introduce the evidence at trial in order to receive a final ruling on the issue and to preserve it for appeal.[1] Garrett v. Sandusky, 68 Ohio St.3d 139, 141, 1994-Ohio-485. In the present case, no trial transcript exists, and McIntosh's affidavit does not indicate that he ever raised the issue of the audio tape at trial. As a result, even if we consider the affidavit, nothing in the record before us establishes that McIntosh preserved the issue of the tape's admissibility for appellate review.
Second, even assuming arguendo that the issue has been preserved for review and that the trial court should have considered the affidavit,[2]
we conclude that the affidavit fails to establish any error by the magistrate. In his affidavit, McIntosh merely averred that "[a]n [a]udiotape of the defendant speaking at the time was listed on the pre-trial statement and was to have been introduced at trial but was excluded from evidence during the final pre-trial conference." (Affidavit, accompanying Doc. #54). Notably absent from McIntosh's affidavit is any indication of the basis for the magistrate's ruling. Even if McIntosh may challenge the magistrate's ruling with an affidavit rather than by providing a record of the proceedings below, the affidavit necessarily must include the rationale underlying the magistrate's oral ruling. Without such information, the trial court could not possibly have found that the magistrate erred in excluding the audio tape.[3] As a result, even if the trial court should have reviewed and addressed the affidavit, its failure to do so is at most harmless error.
Third, we have reviewed the audio tape in question, and we are convinced that it would not have affected the outcome of the trial. The substance of the audio tape is consistent with the pertinent findings of fact set forth by the magistrate in her decision. In particular, the audio tape establishes that Oen called the sheriff's office, explained that two men were following him with a video camera, and asked where the nearest police station was located. Oen also stated that a lawsuit was pending, that it had been postponed due to his injury, and that he knew "what this [was] about." At the end of the call, Oen was informed to "stand by" until an officer arrived to meet him and to "check them out."
The foregoing conversation is entirely consistent with the magistrate's finding that Oen "did not request or encourage the officer to take any specific action" against the appellant, who was released without being charged after speaking to an officer about the incident. (Doc. #53 at 2-3). The tape also is consistent with the magistrate's finding that "[w]hat the police did in response to the call was not a result of any action of the Defendant, but appears to be standard procedure in investigating a situation such as this. As such, the actions of the police were entirely the responsibility of the police and cannot be transferred or imputed to the Defendant, without any facts to prove a conspiracy to commit an assault, battery or false imprisonment." (Id. at 6). Finally, the tape is consistent with the magistrate's finding that "there was no evidence that [Oen] participated in any civil conspiracy or aiding-abetting by encouraging or inciting any assault, battery, and/or false imprisonment." (Id. at 5-6). The fact that fear may not have been detectible in Oen's voice as he spoke on the telephone does nothing to undermine the magistrate's analysis. In addition, we discern nothing in the tape that reasonably suggests Oen acted with the intent to cause a false arrest, false imprisonment, assault or battery. Consequently, assuming, purely arguendo, that the magistrate erred in excluding the tape, any such error was harmless, as it would not have affected the outcome of the trial.
Based on the reasoning and citation of authority set forth above, we hereby overrule McIntosh's sole assignment of error and affirm the judgment of the Montgomery County Court of Common Pleas.
Judgment affirmed.
GRADY, J., and YOUNG, J., concur.
[1] An exception to this rule arises "where the exclusion of the evidence affects a substantial right and the substance of the excluded evidence is apparent from the context of questioning by counsel who later seeks to predicate as error the exclusion of the evidence." Grubb, supra, at 201-202. In such a case, an adverse ruling on a motion in limine preserves the issue for appellate review, without the need to raise the issue again at trial. Id. In the present case, the substance of the excluded evidence is apparent to us, as we have a copy of the audio tape at issue. Nevertheless, as we will explain more fully, infra, exclusion of the tape did not affect a substantial right because the tape could not have impacted the outcome of the trial. The content of the tape is entirely consistent with the magistrate's findings of fact, which were based on testimony presented at trial. As a result, it appears that the tape merely would have presented cumulative evidence. Cf. Springfield v.Pullins (1998), 130 Ohio App.3d 346, 358 (finding no substantial right affected, even if trial court's evidentiary ruling was erroneous, where testimony at issue was cumulative).
[2] In support of his argument that the trial court was obligated to consider the affidavit in lieu of a record of the proceedings below, McIntosh makes two arguments. First, he contends that he proceeded as an indigent litigant. In light of his indigency, McIntosh argues that he was entitled to provide the trial court with an affidavit rather than a transcript of the magistrate's evidentiary ruling. Second, he contends that the magistrate's pre-trial conference was not recorded and, therefore, that no true record was available. Although the parties dispute whether McIntosh adequately established his indigency, we find this issue to be immaterial. Given that the magistrate's pre-trial conference was not recorded, McIntosh's ability or inability to pay for a transcript of the conference is a non-issue, as such a transcript or other record of the proceeding apparently was not available for any price. The only real issue is whether McIntosh was entitled to provide an affidavit due to the non-existence of a transcript or other record of the magistrate's ruling on the admissibility of the audio tape. In support of his use of an affidavit, McIntosh cites Civ.R.53(E)(3)(b), which provides, in relevant part, that "[a]ny objection to a [magistrate's] finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." In the present case, it is not clear what "finding of fact" McIntosh is using his affidavit to controvert.
[3] In his appellate brief, McIntosh suggests that the magistrate's ruling was based on certain authentication and chain-of-custody concerns. Such assertions in a party's brief, however, are not evidence. Absent a transcript or other evidence setting forth the magistrate's reasoning, the trial court could not properly find that the magistrate erred in excluding the audio tape.