OPINION
{¶ 1} Plaintiff Harold R. and Debra S. Moore appeal a judgment of the Court of Common Pleas of Muskingum County, Ohio. Appellants assign six errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DRAFTING OF "JURY INSTRUCTIONS" AS IT MISLEADINGLY AND UNFAIRLY INFORMED THE JURY OF THE PROPER RULES AND PRINCIPLES OF LAW APPLICABLE TO THE LAW OF "DAMAGES," UPON WHICH THE JURY IS TO BE GUIDED IN ARRIVING AT THEIR VERDICT.
 {¶ 3} "II. UPON THE TRIAL COURT'S CLARIFICATION OF THE "BASIS" FOR FAULTING THE JURY'S MARCH 13, 1998 DAMAGES AWARD OF $535,920.00 — IT WAS THE RESULT OF THE JURY BEING GIVEN AN "INSTRUCTION OF THE LAW" OF DAMAGES AS SET FORTH AT 2OJI253.18 — WHICH THE TRIAL COURT, IN ITS JOURNAL ENTRY OF OCTOBER 22, 2001, "CORRECTED" BY DRAWING HIS [SIC] OWN "DAMAGES INSTRUCTION," IT WOULD BE PLAIN ERROR BY THE COURT OF APPEALS NOT TO RECONSIDER THE APPROPRIATENESS OF ITS JUDGMENT OPINION OF DECEMBER 22, 2000, FINDING "NO ABUSE OF DISCRETION" IN ITS ORDER, OF REMITTITUR, AND TO REINSTATE THE JURY'S AWARD.
 {¶ 4} "III. THE TRIAL COURT ERRED IN DIRECTING A VERDICT AGAINST PLAINTIFFS' ON THEIR CLAIM IN FRAUD, AND IN FAVOR OF THE DEFENDANTS.
 {¶ 5} "IV. THE TRIAL COURT ERRED IN RULING THAT ". . . PLAINTIFFS' REQUEST FOR PRE-JUDGMENT INTEREST IS CONSIDERED AND DENIED AS PRE-JUDGMENT INTEREST CANNOT BE AWARDED FOR BREACH OF CONTRACT. R.C. 1343.02
. . ."
 {¶ 6} "V. THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY IN REGARD TO THE APPROPRIATENESS OF AN AWARD OF PUNITIVE DAMAGES IN A BREACH OF CONTRACT CASE.
 {¶ 7} "VI. THE TRIAL COURT ERRED IN PROHIBITING PLAINTIFFS MOORE FROM PRESENTING EVIDENCE CONCERNING ". . . EMOTIONAL DISTRESS, EXPENSES OF LEGAL RELIEF, CONSEQUENTIAL INJURY TO CREDIT OR LIVELIHOOD . . ." WHERE THE JURY FOUND THAT THE SELLERS BREACHED THEIR REAL ESTATE PURCHASE CONTRACT UPON THE FRAUDULENT "FAILURE TO DISCLOSE KNOWLEDGE OF PREVIOUS TERMITE DAMAGE."
 {¶ 8} Defendant Betty W. Daw assigns two cross-assignments of error:
Cross-Assignments of Error
 {¶ 9} "I. THE TRIAL COURT ERRED IN LIMITING A NEW TRIAL TO THE SINGLE ISSUE OF DAMAGES, THEREBY PRECLUDING CONSIDERATION OF THE ISSUE OF DEFENDANT'S ALLEGED BREACH OF CONTRACT.
 {¶ 10} "II. THE TRIAL COURT ERRED IN AWARDING INTEREST AS OF MARCH 13, 1998 — THE DATE OF THE JURY VERDICT."
 {¶ 11} The underlying case originated when the Moores bought a house and then discovered it was infested with termites.
 {¶ 12} Defendants-Appellees are Sharon W. Lothes and the Estate of Elizabeth M. Williams.
 {¶ 13} A review of the proceedings in this case may perhaps be helpful. Plaintiffs filed their complaint on May 22, 1991. The complaint was brought against Betty Daw, Sharon Lothes, the Estate of Elizabeth Williams, and Professional Termite Pest Control. In May of 1992, appellants amended their complaint to join relator Wilford Baker. In April of 1993, appellants dismissed their claim against Orkin Exterminating and Torco Pest Control. In November of 1994, appellants filed the third amended complaint joining Professional Termite and Pest Control's co-owners, Elaine Bowerment and Earl Smith. This was done only after a third co-owner, James Golden, filed for bankruptcy.
 {¶ 14} In June of 1995, Professional Termite Pest Control filed a motion for summary judgment, which the trial court sustained. Upon review, this court affirmed the judgment in Moore v. Daw (August 20, 1996), Muskingum App. No. 95-20. The Supreme Court declined to review our decision in that case.
 {¶ 15} After a long series of pre-trial activity, including several changes of trial judges, the matter was tried before a jury beginning on March 2, 1998, lasting nearly ten days. After the court sustained various motions for directed verdict, the remaining defendants included Daw, Lothes, and the Estate of Williams. The jury found for plaintiffs in the amount of $535,920 awarding various amounts for attorney fees and mental anguish.
 {¶ 16} On May 1, 1998, the trial court sustained the defendants' motion for remittitur and entered judgment against them in the amount of $155,920.
 {¶ 17} Plaintiffs appealed from the judgment of remittitur and Lothes and the Estate filed a notice of cross-appeal. After briefing and oral argument, the court dismissed the second appeal on the basis that the remittitur was not a final order because the trial court did not offer the plaintiffs a choice between accepting the remittitur amount or proceeding to a new trial, see Moore v. Daw (May 5, 1999), Muskingum App. No. 98-0023.
 {¶ 18} Upon remand, the trial court revealed the new trial would be restricted solely to compensatory damages. Plaintiffs then informed the court they rejected the remittitur amount and the trial court set the matter for jury trial on May 3, 2000. All parties filed appeals from that order, Daw addressing the court's overruling of her motion for JNOV and contesting the court's restriction of a new trial to the single issue of damages. Lothes and the Estate of Williams assigned errors to the court's failing to grant judgment as a matter of law in their favor; to the ruling that the new trial would be as to compensatory damages only, and raising what appears to be an issue of law.
 {¶ 19} Plaintiffs assigned a single error in their original brief, challenging the court's restriction of the new trial to compensatory damages only.
 {¶ 20} After filing the original brief, the Moores filed an "augmented brief" which assigned five additional errors, contesting first, the court's directed verdict on the claim of fraud; secondly, denying pre-judgment interest; thirdly, a jury instruction challenge; fourth, an evidentiary ruling; and fifth, a denial of the motion for attorney fees.
 {¶ 21} This court struck the assignments of error in the augmented brief, and affirmed the court's judgment. See Moore v. Daw (December 22, 2000), Muskingum Appellate Nos. CT2000-0014 and CT2000-0017.
 {¶ 22} The matter returned to the trial court, where the court again dealt with various motions in limine, including one which limited the plaintiff's various damages.
 {¶ 23} The trial court entered a judgment articulating its ruling concerning the scope and extent of damages which may be recovered in the trial, which has not been held as of the date of this appeal. After the court entered the judgment, plaintiffs decided to forego the new trial and entered into an agreed judgment entry accepting the remittitur.
 {¶ 24} The agreed judgment entry from which this appeal is taken states that as an alternative to a re-trial on damages only, the parties accept the remittitur without waiving any right to assign error to it. The parties all stipulated they could proffer materials to this court by way of a "proffer brief" so that, in the interest of judicial economy, this court could review the trial court's rulings regarding the perspective new trial. The judgment entry also states it is a final appealable order, and includes language pursuant to Civ.R. 54(B), that there is no just cause for delay.
 {¶ 25} Article 4, Section III, of the Ohio State Constitution gives this court jurisdiction over final appealable orders, and, however expedient or logical, the parties cannot agree to give this court jurisdiction it does not have. In State v. Grubb (1986), 28 Ohio St.3d 199,504 N.E.2d 142, the Ohio Supreme Court found a motion in limine is tentative and interlocutory, in anticipation of an issue not yet presented. The court found the party who has been temporarily restricted from introducing evidence by virtue of a motion in limine must proffer or otherwise seek to introduce the evidence at trial so that the court can make a final determination as to admissibility, and to preserve any objection on the record for purposes of appeal, Grubb, syllabus, paragraph two, citing State v. Gilmore (1986), 28 Ohio St.3d 190,503 N.E.2d 147.
 {¶ 26} We find the order appealed from is not a final appealable order, and as such, this court lacks jurisdiction to review it.
 {¶ 27} The appeal is dismissed.
By Gwin, P.J., Wise, J., and Edwards, J., concur.
topic: contract law — final appealable orders.