OPINION
{¶ 1} Appellant Heath Martin appeals the decision of the Fairfield Municipal Court that granted the State of Ohio's motion in limine. The following facts give rise to this appeal.
 {¶ 2} On November 9, 2002, a Fairfield County Sheriff's Deputy stopped appellant on State Route 33 after observing appellant violate a traffic control device signal. Following the stop, the deputy radioed the State Highway Patrol for backup. Upon the trooper's arrival, the deputy requested the trooper to perform the Horizontal Gaze Nystagmus ("HGN") Test on appellant because the deputy was not certified to perform the test. After administering the test, appellant was placed under arrest for an OMVI violation.
 {¶ 3} Subsequently, appellant filed motion to dismiss the ALS suspension and the charges against him. Appellant also filed a motion to suppress the field sobriety test results. Following a hearing on these motions, the trial court filed a judgment entry on December 1, 2003. In its judgment entry, the trial granted appellant's motion to dismiss the ALS suspension and the results of the field sobriety tests administered by the deputy. However, the trial court found the HGN Test performed by the trooper admissible and that sufficient probable cause existed for the arrest.
 {¶ 4} Thereafter, discovery requested by appellant revealed that the breathalyzer had been properly calibrated within the operative time parameters and had registered results within the .005 tolerance range permitted by statute. However, the immediate prior and subsequent calibrations both read higher than the laboratory controlled target calibration of .100. The calibration performed immediately prior to appellant's test indicated a result of .102. The calibration performed immediately after appellant's test indicated a result of .101. Both of these levels were higher than the laboratory controlled target value for the solution and were higher than the result registered by appellant's test which was exactly .100.
 {¶ 5} Appellant subpoenaed the records and the troopers who conducted these calibrations for the purpose of introducing the results at trial. The state filed a motion in limine on April 25, 2003. On December 1, 2003, the trial court granted the state's motion in limine prohibiting appellant from presenting evidence of the .005 variance.
 {¶ 6} Appellant subsequently withdrew his plea of not guilty and entered a plea of no contest. The trial court found him guilty and sentenced him accordingly. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. The trial court committed reversible error by denying appellant his constitutional right of confrontation as guaranteed by the united states and ohio constitutions when it refused to allow him to present evidence at trial to challenge his particular breath test results.
 {¶ 8} "II. The trial court erred in refusing to allow appellant to challenge the results of this particular breath test in contravention of ohio supreme court precedent.
 {¶ 9} "III. The denial of the trial court to permit appellant to introduce evidence of the prior and subsequent claibrations of the breath testing device constituted a denial of due process.
 {¶ 10} "IV. The evidence of the prior and subsequent calibrations was relevant and material and the exlcusion thereof constitutes actual undue prejudice to the appellant."
 I, II, III, IV {¶ 11} We will address appellant's First, Second, Third and Fourth Assignments of Error simultaneously. All of appellant's assignments of error focus on the trial court's decision granting the state's motion in limine prohibiting appellant from introducing evidence of the prior and subsequent calibrations of the breathalyzer.
 {¶ 12} In its brief, the state contends appellant failed to preserve this issue for appeal. We agree. In State v. Paras
(Feb. 1, 1988), Guernsey App. No. 87-CA-25, we determined that:
 {¶ 13} "By withdrawing his plea of not guilty and entering a plea of no contest prior to the jury's intervention, appellant failed to preserve his objection regarding the ultimate admissibility of the evidence addressed in appellee's motion in limine. The motion in limine, being a preliminary ruling, cannot be the basis of an appeal, where, as in the instant case, appellant withdrew the issue from the court's consideration in tendering a no contest plea. See State v. Grubb (1986),28 Ohio St.3d 199 and State v. Gilmore (1986), 28 Ohio St.3d 190." Id. at 2.
 {¶ 14} Accordingly, based upon this court's previous decision in Paras, we conclude appellant failed to preserve the issue of the prior and subsequent calibrations of the breathalyzer, for purposes of appeal, by entering a plea of no contest. Therefore, appellant was not denied his constitutional rights of confrontation and due process because this matter never proceeded to trial.
 {¶ 15} Appellant's First, Second, Third and Fourth Assignments of Error are overruled.
 {¶ 16} For the foregoing reasons, the judgment of the Lancaster Municipal Court, Fairfield County, Ohio, is hereby affirmed.
Hoffman, J., and Boggins, J., concur.