DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the July 15, 2005 judgment of the Sandusky County Court of Common Pleas, wherein appellant, Travis Bulger, was convicted of possession of cocaine, possession of marijuana, and trafficking in marijuana. For the reasons that follow we affirm.
 {¶ 2} On June 18, 2003, officers from the Fremont, Ohio Police Department searched a 2002 Chevy Malibu leased to Angela Horn. The police found two small bags of marijuana on the front seat of the car and a large bag of marijuana in the trunk. After waiting in the lot where the Malibu was parked, a police officer watched as appellant, driving a Buick LeSabre, drove into the lot. Horn exited the vehicle and approached her Malibu. The police officer followed appellant. Appellant drove to an apartment complex and exited his vehicle. As he was walking to the apartment, appellant noticed the police officer and began to run with a Ritz Cracker box in his hand. The police officer then parked his car and began to chase appellant. During the pursuit, appellant dropped the box containing at least 100 grams of cocaine.
 {¶ 3} On September 24, 2003, appellant was indicted on two counts of possessing cocaine, felonies of the second and fifth degree respectively, one count of possessing marijuana, a fifth degree felony and one count of trafficking in marijuana, a fifth degree felony. Appellant entered pleas of guilty on May 2, 2005, to one count of possessing cocaine, a second degree felony, one count of possessing marijuana, a fifth degree felony and, one count of trafficking in marijuana, a fifth degree felony.
 {¶ 4} On July 15, 2005, appellant was sentenced to six years on the first count of possessing cocaine, and 12 months on Counts 2 and 3 to run concurrently. Appellant asserts the following assignments of error on appeal:
 {¶ 5} "I. The trial court erred by not granting the appellant's motion to reduce sentence, vacate sentence and/or to find that criminal rule 11 and R.C. 2929.11, et seq., and finding that they are unconstitutional as applied to the defendant Travis Bulger when the utilization of criminal rule 11 and R.C. 2929.11, et seq. are applied in a gender and racially discriminatory manner.
 {¶ 6} "II. The court erred by not granting the defendant's motion to suppress when an informant disables a car in order to assist the police in detaining the defendant.
 {¶ 7} "III. The trial court erred when it sentenced the defendant to six years without taking into full consideration the factors in the statute, by not allowing a `full hearing' when the court allowed only one person to testify on behalf of [sic] the defendant and by not fully complying with Ohio Crim. Rule 32.1."
 {¶ 8} In the first assignment of error, appellant argues that the trial court erred in applying Crim.R. 11 and R.C. 2929.11 in a gender and racially discriminatory manner. Specifically, appellant asserts that he should have received the same plea deal that was accorded his co-defendant, Angela Horn, since they were charged identically. Appellant contends that he was not offered the same plea deal because his white, female co-defendant's "crime value" is not as high as appellant's in that he is a black male.
 {¶ 9} Horn, like appellant, was indicted on two counts of possessing cocaine, felonies of the second and fifth degree respectively, one count of possessing marijuana, a fifth degree felony and, one count of trafficking in marijuana, a fifth degree felony. On June 27, 2005, Horn entered into an agreement wherein she pled guilty to one count of possessing cocaine, a fourth degree felony, one count of possessing marijuana, a fifth degree felony and one count of trafficking in marijuana, a fifth degree felony. She was sentenced to five years community control and placed on electronic monitoring for 60 days.
 {¶ 10} For purposes of sentencing, appellant and Horn are very different defendants in a way that has nothing to do with race or gender. Appellant is a convicted felon who had previously served prison time. At sentencing, the trial judge noted appellant's "long history of dealing drugs in this community." Appellant's prior record of drug offenses spans several years including possession of cocaine and marijuana and multiple counts of trafficking. Appellant also has a history of violating community control sanctions. In contrast, at the time of sentencing, Horn was a first time offender. This court can only conclude that appellant's lengthy prior record, rather than gender or racial bias, is to blame for the outcome of his case. Appellant's first assignment of error is found not well-taken.
 {¶ 11} In his second assignment of error, appellant argues that the trial court erred because it did not grant appellant's motion to suppress. "A defendant who enters a guilty plea while represented by competent counsel waives any nonjurisdictional defects in earlier stages of the proceedings." State v.Minniefield (July 13, 2001), 6th Dist. No. E-00-040. In this case, the transcript shows that appellant was satisfied with his legal representation and entered a plea of guilty of his own volition. "Therefore, appellant waived any alleged errors in the prior proceedings, including any issues or evidence sought to be suppressed." Id. Consequently, appellant's second assignment of error is not well-taken.
 {¶ 12} In the third assignment of error, appellant argues that the trial court erred because it limited the number of witnesses that could testify on behalf of the appellant. Initially we note that a trial court has the inherent authority to control its proceedings. State v. Grubb (1986),28 Ohio St.3d 199, 201.
 {¶ 13} The Rules of Criminal Procedure direct the court to:
 {¶ 14} "(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
 {¶ 15} "(2) Afford the prosecuting attorney an opportunity to speak;
 {¶ 16} "(3) Afford the victim the rights provided by law, * * *." Crim.R. 32.
 {¶ 17} In the case at bar, counsel for appellant spoke, and appellant also spoke, and was allowed to address every count that was charged. Furthermore, there is no expressed right that appellant be allowed any person, let alone multiple individuals, the right to testify on his behalf. Even so, appellant's father was afforded the opportunity to speak on appellant's behalf. The record shows that the trial court reviewed appellant's presentence investigation report and complied with the sentencing statutes. Appellant's third assignment of error is not well-taken.
 {¶ 18} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R.24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing this appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
Pietrykowski, J., Singer, P.J., Skow, J., concur.