OPINION *Page 2 
{¶ 1} Defendant-appellant James M. Scales appeals the judgment of the Van Wert County Court of Common Pleas. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} On November 4, 2005, the Van Wert County Grand Jury indicted Scales for Aggravated Murder in violation of R.C. 2903.01(B) in Case No. 05-11-143. The charge stemmed from a June 24, 2004 incident where Daniel Radcliff was struck with a hammer during an apparent robbery at his trailer in Convoy, Ohio. Radcliff later died as a result of the blunt force trauma he had sustained.
 {¶ 3} The trial court scheduled a jury trial for June 5, 2006. On May 25, 2006, the prosecuting attorney received a facsimile from the Lima City Police Department which indicated that a confidential informant (identified as "LPD-INF-087) had information regarding the murder. The prosecution notified Scales of the information and Scales filed a motion to compel the identity of the confidential informant. The trial court granted the motion.
 {¶ 4} On June 2, 2006, Scales filed a notice of alibi and a motion for leave to proceed on an alibi defense. The prosecution filed a motion contra and motion to exclude the alibi defense. The trial court subsequently denied Scales' motion.
 {¶ 5} Pursuant to a plea agreement, Scales pled no contest to Murder, in violation of R.C. 2903.02(B), in a bill of information filed under Case No. 06-06-095, *Page 3 
and was found guilty. The prosecution then dismissed Case No. 05-11-143. The trial court sentenced Scales to an indefinite prison term of fifteen years to life.
 {¶ 6} It is from the trial court's judgment that Scales appeals and sets forth two assignments of error for our review.
 {¶ 7} Before addressing the merits of Scales' arguments, this court must first address a procedural issue mentioned in the prosecution's brief. Scales filed a timely notice of appeal in Case No. 06-06-095. The prosecution argues that the issues which Scales presents for review took place in Case No. 05-11-143, which was dismissed. The prosecution argues that an issue exists regarding whether Scales filed his appeal in the correct case and whether Scales complied with App.R. 3(D).
 {¶ 8} After reviewing the record, we find that the trial court signed a judgment entry pursuant to App.R. 9(E), which stated that the record on appeal includes the entire record of pleadings, documents, and materials from Case No. 05-11-143. Accordingly, we find that the appellant's arguments are properly before this court.
 ASSIGNMENT OF ERROR NO. I The trial court erred and abused it's discretion in failing to permit the Defendant to proceed with an alibi defense.
 {¶ 9} In his first assignment of error, Scales argues that the late presentment of his alibi defense was based on good cause. Scales asserts that cell *Page 4 
phone records confirm that three days before the murder he purchased a cell phone in Marion, Indiana. Scales argues that without the evidence of the cell phone purchase neither Scales nor his witnesses could recall when his trip to Marion, Indiana had occurred.
 {¶ 10} Crim. R. 12.1, the notice of alibi, provides
 Whenever a defendant in a criminal case proposes to offer testimony to establish an alibi on his behalf, he shall, not less than seven days before trial, file and serve upon the prosecuting attorney a notice in writing of his intention to claim alibi. The notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi, unless the court determines that in the interest of justice such evidence should be admitted.
 {¶ 11} Scales filed a notice of alibi on June 2, 2006, three days prior to the scheduled trial date of June 5, 2006. The prosecution filed a motion contra and motion to exclude the alibi defense.
 {¶ 12} The trial court held a hearing on the motion, and then filed a judgment entry which stated:
 The court further finds the defendant had adequate time since his arraignment and the production of discovery by the State of Ohio to investigate any possible alibi and has not shown good cause for the delay. The court further finds the State of Ohio would be prejudiced by the delayed Notice of Alibi in that this is the first time the State has heard of the proposed alibi and would have insufficient time to investigate the alibi before trial.
 The court, therefore, overrules the defendant's Motion for Leave to Proceed with Alibi Defense. *Page 5 
 The court will reconsider this decision if during the course of the trial the defendant is able to present evidence of the alibi that is so compelling it would be in the best interest of justice to admit such evidence.
Emphasis added.
 {¶ 13} The prosecution's motion to exclude evidence of the alibi, although not labeled as such, was essentially a motion in limine. In addition, the trial court's judgment entry states that it "will reconsider this decision if during the course of trial the defendant is able to present evidence of the alibi that is so compelling it would be in the best interest of justice to admit such evidence." The trial court's order was preliminary and subject to review if Scales presented evidence of the alibi that was compelling. Thus, the trial court's judgment entry was an order in limine.
 {¶ 14} A trial court's ruling on a motion in limine is a tentative interlocutory ruling which reflects the trial court's anticipated treatment of the evidence issue. State v. Grubb (1986),28 Ohio St.3d 199, 201-202, 503 N.E.2d 142, 28 O.B.R. 285. " `An appellate court need not review the propriety of such an order unless the claimed error is preserved by an objection, proffer, or ruling on the record when the issue is actually reached and the context is developed at trial.'" Id. at 203, citations omitted. A no contest plea does not preserve for appellate review the trial court's ruling on a motion in limine. Statev. Brock, 3d Dist. No. 5-06-27, 2006-Ohio-6681, at ¶ 8. *Page 6 
 {¶ 15} In order to preserve the alibi issue for appeal, Scales had to go to trial and raise the alibi issue. Prior to the trial, however, Scales pled no contest to the bill of information. Consequently, Scales waived his right to appeal the trial court's judgment on the alibi defense.
 {¶ 16} Scales first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred in its ruling on the Defendant's access to use of a confidential informant.
 {¶ 17} Scales argues, in his second assignment of error, that the trial court violated his right to obtain compulsory process to compel a witness to appear under Article I, Section 10 of the Ohio Constitution, and the Sixth and Fourteenth Amendments of the United States Constitution.
 {¶ 18} In the present case, the prosecuting attorney received a facsimile which indicated that a confidential informant, identified as LPD-INF-087, contacted the Lima Police Department. According to the facsimile, the confidential informant told the police that Maurice Taylor had talked to the confidential informant and that Taylor "had implicated himself as being the one involved with a murder and not [Scales]." The prosecuting attorney promptly notified Scales of the information. Scales then filed a motion to compel the identity of the confidential informant on May 26, 2006. *Page 7 
 {¶ 19} The trial court granted Scales' motion to compel the identity of the confidential informant. The trial court stated,
 The Court finds that the information obtained from the confidential informant could be exculpatory and therefore orders the identity and address of the confidential informant LPD-INF-087 shall be disclosed to the attorney for the defendant immediately. If upon further review, the attorney for the Defendant is not able to obtain exculpatory information from the confidential informant and call the confidential informant as a witness, the name of the confidential informant shall not be made public.
Emphasis added. The prosecution subsequently provided the name and the last known address of the confidential informant to Scales.
 {¶ 20} Scales maintains that the trial court's ruling required exculpatory information from the confidential informant prior to a subpoena or further public disclosure of the confidential informant, and thus, violated his rights under Article I, Section 10 of the Ohio Constitution, and the Sixth and Fourteenth Amendments of the United States Constitution. According to Scales, the last known address provided for the confidential informant was inaccurate. Scales maintains that counsel was able to locate an address for the confidential informant during the ten days before trial, but that, counsel was unable to speak to the confidential informant, and thus, no subpoena had been issued.
 {¶ 21} A defendant has a right to compulsory process in order to obtain witnesses in his favor. Sixth Amendment, United States Constitution; Section 10, *Page 8 
Article I, Ohio Constitution. The Sixth Amendment does not grant a criminal defendant the right to secure any and all witnesses, but rather, guarantees the criminal defendant the right to compulsory process in order to obtain witnesses in his favor. United States v.Valenzuela-Bernal (1982), 458 U.S. 858, 867, 102 S.Ct. 3440,73 L.Ed.2d 1193.
 {¶ 22} "[T]he identity of a confidential informant must be revealed when the testimony of the informant is vital to establishing an element of the crime, or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." State v. Payne, 11th Dist. No. 2004-L-118, 2005-Ohio-7043, at ¶ 40, citing State v.Williams (1983), 4 Ohio St.3d 74, 446 N.E. 2d 779, syllabus.
 {¶ 23} The trial court found that the information from the confidential informant could be exculpatory. The trial court did, in fact, require the prosecution to disclose the name and address of the confidential informant. However, the trial court stated that the name of the confidential informant shall not be made public if the defendant was unable to obtain exculpatory information and call the defendant as a witness.
 {¶ 24} After reviewing the record, we find that Scales did not make a good faith effort to contact the confidential informant or to hire an investigator to contact the confidential informant. Scales also did not request a continuance in *Page 9 
order to have more time to contact the confidential informant. Thus, Scales did not make a good faith effort to determine whether the confidential informant possessed any exculpatory information and could be called as a witness.
 {¶ 25} Accordingly, we hold that the trial court did not violate Scales' right to compulsory process. Scales' second assignment of error is overruled.
 {¶ 26} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 ROGERS, P.J., and SHAW, J., concur. *Page 1