JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Samuel F. Porter, III ("Porter"), as administrator of the Estate of Mary E. Porter (the "decedent"), appeals the trial court's decision granting defendant-appellee's, Tim A. Sidor, M.D. ("Sidor"), motion in limine excluding the testimony of Porter's expert, Dr. David M. Grischkan ("Grischkan"). Finding merit to the appeal, we reverse and remand.
 {¶ 2} In 2002, Porter filed a medical malpractice action against Sidor, alleging that he acted negligently in treating the decedent which proximately caused her death. Sidor filed a motion in limine to exclude the testimony of Porter's expert, Grischkan, because he was not qualified to testify regarding the treatment rendered to the decedent. On the day of trial, the court conducted a hearing and found that Grischkan was not qualified under Evid.R. 702(B) "as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony," specifically, the placement of an ileal conduit to divert urine. Porter appeals, raising a single assignment of error, in which he claims that the trial court erred in granting Sidor's motion in limine.
 {¶ 3} Initially in this matter, we find that the granting of the motion in limine is a final appealable order. Generally, the granting of a motion in limine is a tentative, precautionary ruling reflecting the court's anticipated treatment of an evidentiary ruling, and in most instances, finality of the matter does not attach when the motion is granted, and thus, is not a final appealable order. State v. Grubb
(1986), 28 Ohio St.3d 199, 201-202, 503 N.E.2d 142. However,
"[I]n order to establish medical malpractice, it must be shown by apreponderance of evidence that the injury complained of was caused by thedoing of some particular thing or things that a physician or surgeon ofordinary skill, care and diligence would not have done under like orsimilar conditions or circumstances, or by the failure or omission to dosome particular thing or things that such a physician or surgeon wouldhave done under like or similar conditions and circumstances, and thatthe injury complained of was the direct and proximate result of suchdoing or failing to do some one or more of such particular things." Bruniv. Tatsumi (1976), 46 Ohio St.2d 127, 346 N.E.2d 673, paragraph one ofthe syllabus. "Proof of the recognized standards must necessarily beprovided through expert testimony." Id. at 131-132.
 {¶ 4} Thus, without the testimony from an expert, Porter would be unable to sustain his burden of proof. The exclusion of Grischkan as a qualified expert immediately prior to the commencement of trial prevented Porter from proceeding with his case. The granting of the motion in limine thus created a final appealable order.[1]
 {¶ 5} Moreover, Evid.R. 103 does not require a proffer of evidence when the substance of the evidence was "apparent from the context within which questions were asked." In the instant case, the hearing on Sidor's motion in limine was immediately prior to trial. The substance of Grischkan's testimony was set forth in that hearing. The record demonstrates that Grischkan would have testified that Sidor's placement of the stoma and post-operative care to the decedent fell below the standard of care, and that this failure proximately caused the death of the decedent. Thus, the matter is properly before this court.
 {¶ 6} Pursuant to Evid.R. 104(A), the trial court determines whether an individual qualifies as an expert, and that determination will be overturned only for an abuse of discretion. State v. Williams (1983),4 Ohio St.3d 53, 58, 446 N.E.2d 444, 448. "An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable decision." Stateex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469,692 N.E.2d 198, 201.
 {¶ 7} Evid.R. 702(B) provides that a witness may qualify as an expert by reason of his or her specialized knowledge, skill, experience, training, or education. Neither special education nor certification is necessary to confer expert status upon a witness. To qualify as an expert, the witness need not be the best witness on the subject.Alexander v. Mt. Carmel Med. Ctr. (1978), 56 Ohio St.2d 155, 159,383 N.E.2d 564, 566. The individual offered as an expert need not have complete knowledge of the field in question, as long as the knowledge he or she possesses will aid the trier of fact in performing its fact-finding function. State v. Baston, 85 Ohio St.3d 418, 423,1999-Ohio-280, 709 N.E.2d 128, 133; State v. D'Ambrosio, 67 Ohio St.3d 185,191, 1993-Ohio-170, 616 N.E.2d 909, 915. Moreover, where the fields of medicine overlap and more than one type of specialist may perform the treatment, a witness may qualify as an expert even though he does not practice the same specialty as the defendant. Alexander, supra at 158.
 {¶ 8} Porter argues that because Grischkan had experience in stoma placements, he is qualified to testify as to the placement of the stoma in the instant matter. However, Sidor contends that Grischkan is not qualified to testify in the instant case because Grischkan had performed only six stoma placements in twelve years, had not performed a stoma placement in the previous ten years, and had never performed a stoma placement following an ileal conduit.
 {¶ 9} While Sidor's contentions may be true, we find that Grischkan is qualified to testify in the instant matter. Grischkan's deposition testimony demonstrates that he had two main criticisms of Sidor's treatment of the decedent: the placement and creation of the stoma and the post-operative care of the stoma once it retracted.
 {¶ 10} The record demonstrates that Grischkan is a board-certified general surgeon who has performed six stoma placements in an effort to divert stool, rather than urine, in the last twelve years, and he performed the last one nearly ten years ago. Although he has not recently performed a stoma placement in an effort to divert urine, we find that he is duly qualified to testify regarding the placement, creation, and post-operative care of the stoma. His experience with stoma placement following an ileal conduit may be discredited during cross-examination. However, the credibility or weight given his testimony is for the jury to decide.
 {¶ 11} Therefore, the trial court abused its discretion in granting Sidor's motion in limine excluding Grischkan's testimony. However, Grischkan's testimony should be limited to testifying about placement, creation, and post-operative care of the stoma.
 {¶ 12} Accordingly, the sole assignment of error is sustained.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Gallagher, J. Concur.
[1] This matter is fact-specific, because the trial court did not rule on Sidor's motion in limine until the day of trial, thus preventing Porter from obtaining a more qualified expert. Additionally, we are able to ascertain from the record whether Grischkan would be qualified as an expert in this matter.