[Cite as *State v. Beggs*, 2013-Ohio-3440.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| DEREK BEGGS | : | Case No. 13 CAC 01 0004 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Delaware Municipal Court, Case No. 12-CRB-01984 and 12-CRB-02227


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      August 6, 2013


APPEARANCES:

For Plaintiff-Appellee

DANIEL J. BREYER
Senior Assistant Attorney General
1600 Carew Tower
441 Vine Street
Cincinnati, OH 45202

For Defendant-Appellant

DOMINIC J. VITANTONIO
Argie, D'Amico & Vitantonio
6449 Wilson Mills Road
Mayfield Village, OH 44143

*Baldwin, J.*

{¶1}     Appellant Derek Beggs appeals a judgment of the Delaware Municipal Court convicting him of two counts of dereliction of duty in violation of R.C. 2921.44(A)(2) and fining him $500 on each count.  Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}     At approximately 9:00 p.m. on July 28, 2012, a number of travelers on Interstate 71 in Delaware County notified local law enforcement agencies of a reckless driver they believed to be intoxicated.  The vehicle was a gray Ford F150 pickup truck. The truck was later determined to be driven by Uriel Juarez-Popoca, but it was not registered to Popoca.

{¶3}     Appellant, a deputy with the Delaware County Sherriff's Department, arrived on the scene with his coworker, Deputy Christopher Hughes.  Trooper Sean Carpenter of the Ohio State Highway Patrol later arrived on the scene.  When appellant discovered the truck, it was lodged between the guardrail and the guardwires in the median strip, apparently after the driver attempted a U-turn.  There were multiple license plates in the vehicle and beer cans in the passenger compartment.  The keys were in the ignition.  Popoca was alone in the vehicle, and spoke little English. Appellant commented to Carpenter that Popoca was so drunk that when he hit Popoca with the light, Popoca looked at him "like, I'm so drunk, I don't know who you are."

{¶4}     The deputies did not identify Popoca at the scene.  They transmitted information to the dispatcher that the incident was a disabled vehicle, not a DUI case.  A translator had been dispatched from the highway patrol, but Carpenter called off the translator, stating that the county deputies were handling the situation.   A corrections

officer with the Sherriff's Department who minored in Spanish in college spoke to Popoca by telephone. He tried to communicate to Popoca that he needed to find a ride because he was not allowed to drive. Popoca had a friend named Christy who he could call for a ride. Deputy Hughes then transported Popoca to a nearby Taco Bell restaurant to await his ride. Appellant radioed that Hughes would be transporting his "new amigo" to Taco Bell. Appellant told the officer who translated for Popoca that Popoca still did not understand what was going on.

{¶5} Shortly after Popoca was dropped off at Taco Bell, dispatch received a call from the manager that an intoxicated man was at the restaurant attempting to get someone to give him a ride to his truck on Interstate 71. The manager could smell alcohol on appellant. Because a teenager was working the front counter, the manager left her position on the food line and attempted to get Popoca out of the restaurant. Although he did not disturb people in the restaurant, the manager was concerned about his presence in the restaurant in his intoxicated state, and locked the lobby early to keep him outside so he would not disrupt customers.

{¶6} Popoca left the Taco Bell and walked across the street to a Wendy's restaurant. When Deputy Hughes arrived at Taco Bell, the manager told him that Popoca went to the Wendy's across the street. She saw Hughes go to Wendy's, where he stayed for approximately fifteen minutes before leaving and driving in the direction of the police station.

{¶7} Popoca was later struck and killed by a motorist on Route 36/37, after walking a little over a mile from Wendy's. His blood alcohol level after his death was determined to be .23. Appellant texted the corrections officer who provided the

translation for Popoca to not talk about the situation at work because the man was later struck and killed.

{¶8}    Appellant was charged with two counts of dereliction of duty in violation of R.C. 2921.44(A)(2).  Deputy Hughes and Trooper Carpenter were also charged with dereliction of duty.  Hughes pled guilty prior to trial.  Appellant and Carpenter were jointly tried before a jury.  Appellant was convicted of both counts and fined $500 on each count.  He assigns the following errors on appeal:

{¶9}    "I.  THE VERDICT OF GUILTY ON THE CHARGE OF DERELICTION OF DUTY, FOR ALLEDGEDLY NEGLIGENTLY FAILING TO APPREHEND AN OFFENDER, IS NOT SUSTAINED BY SUFFICIENT EVIDENCE.

{¶10}    "II.  THE VERDICT OF GUILTY ON THE CHARGE OF DERELICTION OF DUTY, FOR ALLEGEDLY NEGLIGENTLY FAILING TO PREVENT OR HALT THE COMMISSION OF THE OFFENSE OF DISORDERLY CONDUCT IS NOT SUSTAINED BY SUFFICIENT EVIDENCE.

{¶11}    "III.  THE VERDICT OF GUILTY ON THE CHARGE OF DERELICTION OF DUTY, FOR ALLEGEDLY NEGLIGENTLY FAILING TO APPREHEND AN OFFENDER, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶12}    "IV.  THE VERDICT OF GUILTY ON THE CHARGE OF DERELICTION OF DUTY, FOR ALLEGEDLY NEGLIGENTLY FAILING TO PREVENT OR HALT THE COMMISSION OF THE OFFENSE OF DISORDERLY CONDUCT, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶13}    "V.  THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION IN LIMINE REGARDING (1) THE ADMISSION OF EVIDENCE CONCERNING THE

DEATH OF POPOCA AND (2) THE ADMISSION OF EVIDENCE CONTAINING CERTAIN PORTIONS OF AN AUDIO TAPED PHONE CALL DISCUSSION BETWEEN APPELLANT AND CORRECTIONS OFFICER WILLIAMS."

I., III.

{¶14}   In his first and third assignments of error, appellant argues that the judgment is against the manifest weight and sufficiency of the evidence because the evidence established that he apprehended Popoca.

{¶15}   In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"  *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶16}   An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶17}   Appellant was convicted of violating R.C. 2921.44(A)(2):

{¶18}   "(A) No law enforcement officer shall negligently do any of the following:

{¶19}   "(2) Fail to prevent or halt the commission of an offense or to apprehend an offender, when it is in the law enforcement officer's power to do so alone or with available assistance."

{¶20}   Appellant argues that because he removed Popoca from the truck and handcuffed him, he apprehended Popoca within the meaning of the statute and completed his obligation.

{¶21}   The trial court instructed the jury that apprehend means "to take hold of actually and bodily, and it may include seizing or arresting a person."  While appellant temporarily apprehended Popoca, the evidence supports the jury's finding that he then released Popoca to Hughes knowing he was going to be dropped off at Taco Bell and no longer under police control.  Further, there was evidence that appellant was aware that Popoca was intoxicated and that although he reported the incident as a disabled vehicle, Popoca had been driving recklessly, callers reporting his driving believed him to be intoxicated, and Popoca had recklessly driven the vehicle into the area of the median where appellant found it resting.

{¶22}   The judgment finding that appellant did not apprehend Popoca within the meaning of the statute is not against the manifest weight or sufficiency of the evidence. The first and third assignments of error are overruled.

II., IV.

{¶23}   In his second and fourth assignments of error, appellant argues the judgment is against the manifest weight and sufficiency of the evidence because either Popoca did not commit the offense of disorderly conduct in Taco Bell, or appellant did

not prevent or halt the commission of the offense at Taco Bell because he was not present at Taco Bell.

{¶24} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶25} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶26} Appellant was convicted of violating R.C. 2921.44(A)(2):

{¶27} "(A) No law enforcement officer shall negligently do any of the following:

{¶28} "(2) Fail to prevent or halt the commission of an offense or to apprehend an offender, when it is in the law enforcement officer's power to do so alone or with available assistance."

{¶29} R.C. 2917.11(B)(1) defines disorderly conduct:

{¶30} "(B) No person, while voluntarily intoxicated, shall do either of the following:

{¶31}   "(1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others."

{¶32}   To support his claim that Popoca did not commit the offense of disorderly conduct, appellant relies on the testimony of Stevie Ray, the shift manager at Taco Bell, that Popoca did not bother anyone in the restaurant.   However, the record reflects that at the time he came into the restaurant, there were about thirty patrons and six employees present.  He approached a sixteen-year-old girl working the front counter to ask for a ride to his truck on Interstate 71.  The shift manager was required to leave her place on the food line to talk with Popoca, and he caused enough of a disturbance that she called 911.   She testified that appellant smelled like alcohol and appeared intoxicated.   She was sufficiently concerned with his behavior and presence in the restaurant that she locked the lobby doors to keep Popoca from coming inside and bothering patrons of the restaurant.   This evidence supports the jury's finding that Popoca committed the offense of disorderly conduct inside the restaurant.

{¶33}   Appellant also argues that he could not have prevented or halted the offense at Taco Bell because he was not there.  However, appellant was a part of the decision making process that led to Popoca being dropped off at Taco Bell.  There was evidence that appellant was aware Popoca was intoxicated and that Popoca's ability to converse in English was limited.  Appellant told the corrections officer who provided translation assistance for Popoca that even after the officer conversed with appellant on the telephone in Spanish about his need to get a ride, Popoca had no idea what was

going on. From all this evidence, the jury could have concluded that appellant could have prevented the offense in Taco Bell by keeping Popoca in custody rather than agreeing to release Popoca at Taco Bell.

{¶34} The judgment is not against the manifest weight or sufficiency of the evidence. The second and fourth assignments of error are overruled.

V.

{¶35} Appellant argues that the court erred in overruling his motion in limine regarding evidence of Popoca's death and statements he made to Corrections Officer Matthew Williams in a recorded telephone call.

{¶36} The ruling on a motion *in limine* does not preserve the record on appeal and an appellate court need not review the ruling unless the claimed error is preserved by an objection at trial. *State v. Grubb*, 28 Ohio St.3d 199, 503 N.E.2d 142, paragraph two of the syllabus (1986). Appellant failed to object to several instances of the introduction of evidence of Popoca's death at trial, and in fact stipulated to evidence of Popoca's death. See tr. 501-506, 509-515, tr. 199-200. The stipulation, signed by counsel for appellant, states that Popoca was pronounced dead at 10:37 p.m. on July 28, 2012, and the cause of death was blunt-force trauma to his head, neck and mid-section resulting from a collision with a motor vehicle when Popoca was a pedestrian. Appellant has not preserved any error in the court's ruling on his motion in limine concerning the death of Popoca.

{¶37} Appellant also argues that the court erred in failing to excise a recording of a telephone call he placed to Corrections Officer Williams to exclude: (1) appellant's statement about Popoca, "That stupid idiot, he has no idea what's going on even after

you tried to talk to him," (2) appellant saying he would tell Williams what he stopped Popoca for "when we're not on a recorded line," and (3) Williams laughing when appellant told him Hughes was taking Popoca to Taco Bell. Appellant did object at the time the audio tape was admitted into evidence, thus preserving this error for review.

{¶38} Appellant argues that the evidence is irrelevant, and that its probative value is substantially outweighed by the danger of unfair prejudice.

{¶39} Evid. R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph 2 of the syllabus (1987). Even if relevant, evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Evid. R. 403(A).

{¶40} This evidence is relevant to demonstrate that appellant was aware that Popoca was confused about his need to get a ride, yet appellant failed to take Popoca into custody. Appellant has also not demonstrated that the court abused its discretion in failing to exclude the evidence under Evid. R. 403(A). Appellant makes no argument as to how this evidence was unfairly prejudicial, but summarily argues that the evidence is "highly inflammatory." The evidence is relevant to show appellant's awareness of Popoca's condition and his negligence in failing to take Popoca into custody rather than having him dropped off at Taco Bell.

{¶41}    Although not specifically assigned as error, appellant also argues in his brief that evidence of Popoca's blood alcohol level was not relevant because appellant had no way to know Popoca's blood alcohol level at the time of the stop. Evidence that Popoca's blood alcohol was more than twice the legal limit tends to show that a trained police officer should have been cognizant of the fact that Popoca was very intoxicated.

{¶42}    The fifth assignment of error is overruled. The judgment of the Delaware Municipal Court is affirmed.  Costs assessed to appellant.


By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.


HON. CRAIG R. BALDWIN


HON. W. SCOTT GWIN


HON. PATRICIA A. DELANEY


CRB/rad

[Cite as *State v. Beggs*, 2013-Ohio-3440.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff -Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DEREK BEGGS | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 13 CAC 01 0004 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware Municipal Court is affirmed. Costs assessed to appellant.


HON. CRAIG R. BALDWIN


HON. W. SCOTT GWIN


HON. PATRICIA A. DELANEY