[Cite as *State v. Golston*, 2024-Ohio-572.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                              No. 112394

    v.                                  :

RODNEY GOLSTON,                         :

    Defendant-Appellant.        :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 15, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-663039-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora Bryan, Assistant Prosecuting Attorney, *for appellee.*

Charles Ruiz-Bueno Co., L.P.A., and J. Charles Ruiz-Bueno, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Rodney Golston ("Golston") appeals his convictions for endangering children and unlawful sexual conduct with a minor. After reviewing the facts of the case and pertinent law, we affirm the trial court's judgment.

## I.    Facts and Procedural History

{¶ 2}    Golston was indicted for endangering children, a second-degree felony in violation of R.C. 2919.22(B)(1), and unlawful sexual conduct with a minor, a third-degree felony in violation of R.C. 2907.04(A).  The victim identified for each count was N.B.  Following the presentation of all the evidence at trial, the state moved to amend the indictment to reflect the evidence regarding the dates of the offenses as follows: endangering children, October 10, 2013, to January 22, 2014; and, unlawful sexual conduct with a minor, June 1, 2012, to March 1, 2014.  Golston did not object.

{¶ 3}    Golston filed a motion in limine on June 29, 2022, requesting a hearing and giving "notice [that] he will seek to introduce evidence that falls within the permissible areas of inquiry as set forth in R.C. 2907.02(D)" at trial.  Specifically, Golston sought to question N.B. regarding her sexual partners prior to having an abortion.  Prior to the commencement of trial on August 1, 2022, the court heard argument from counsel and denied Golston's motion.

{¶ 4}    Further, during pretrial proceedings the day trial began, Golston's trial counsel informed the court that he intended to inquire of N.B. regarding "what appear to be digital messages that we believe in good faith were authored and posted by the alleged victim" (the "Messages").  The state of Ohio orally moved to exclude the Messages, marked as exhibits A, B, C, and D,[1] and to limit Golston's ability to

_____

[1] We note that Exhibits A, B, and C appear to be posts to an Instagram account and related comments, while Exhibit D appears to be a screen shot of text messages from one particular cell phone.

question N.B. regarding the Messages. A review of the Messages indicates that some of the content appears to be posted under the username "tigggg.___", the account has a photo attached to it, and one of the Messages states:

> Lmaoooo , That's Why You Cant See Your Son Old a** N***a That's Why I Lie About the rape she to get my Custody back that's why I'm winning my case now b***h The prosecutor told me you went to Court you about to get locked up b***h[] a** n***a that's what you get for trying to take my son from me now who's over there [emoji] looking Miserable and lonely knowing your son not at your house lol you won't be putting that poison in his head about me[.]

{¶ 5} The state argued Golston "shouldn't be able to question [N.B.] about these things when there's absolutely no authentication * * * regarding who authored these messages or where they came from." During trial, out of the presence of the jury, the court allowed Golston to question N.B. about the authenticity of the Messages. N.B. claimed that she did not recognize them and that she had not authored them. The court ruled from the bench as follows: "I will grant the state's motion and you will not be permitted to ask her any questions about those exhibits * * *."

{¶ 6} In response to the court's ruling, Golston argued:

> Your Honor, if I may, and it's probably premature. I expect the evidence to show later on if my client were to take the stand that he will testify as to those messages, and if he knows who those persons are behind those addresses, and she can be recalled as a rebuttal witness as the State desires.

> I anticipate they will be authenticated. There's no other way to do it. He's the recipient of it. The jury could believe him or not believe him. Testing her credibility is the heart of the case.

The court maintained its ruling.

{¶ 7} At the conclusion of the trial, the jury found Golston guilty of both counts. The trial court sentenced Golston to seven years in prison for endangering children and 36 months in prison for unlawful sexual conduct with a minor. The court ran the sentences consecutive for an aggregate prison term of ten years.

{¶ 8} It is from this order that Golston appeals raising the following two[2] assignments of error:

> Defendant-Appellant was prejudiced from preparing a firm defense at trial by the trial court's failure to abide by the mandatory time-frame of Ohio Revised Code § 2907.02(E), where Defendant timely requested a hearing 33 days before trial.

> The trial court's ruling, in limine, to exclude the Defendant-Appellant's Exhibits A, B, C and D was prejudicial and denied him a fair trial.

## II. Law and Analysis

### A. R.C. 2907.02(E)

{¶ 9} In his first assignment of error, Golston argues that the trial court erred when it held the hearing pursuant to R.C. 2907.02(E) on the day of trial. We disagree.

{¶ 10} "[T]he Ohio Supreme Court has made it clear that both prior nonconsensual and consensual sexual activity of the victim are protected by the rape shield statute." *State v. Jeffries*, 2018-Ohio-162, 104 N.E.3d 900, ¶ 17 (8th Dist.). R.C. 2907.02(D), commonly referred to as the rape shield statute, provides that evidence of a victim's prior sexual activity is inadmissible "unless it involves

---

[2] We note that in his appellate brief Golston lists a third assignment of error, however that assignment of error is not separately argued and, therefore, will not be considered. *See* App.R. 12(A)(2).

evidence of the origin of semen, pregnancy, or disease, * * * and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value."

{¶ 11} If the defendant seeks to admit evidence pursuant to R.C. 2907.02(D) regarding the victim's sexual activity, "the court shall resolve the admissibility of the proposed evidence in a hearing in chambers, which shall be held at or before preliminary hearing and not less than three days before trial, or for good cause shown during the trial." R.C. 2907.02(E).

{¶ 12} Here, the court held the hearing the morning of trial. The record indicates that Golston did not object. At the hearing, Golston argued that since the state planned to introduce evidence related to an abortion N.B. had, he sought to question N.B. about how she became pregnant. The state responded that it was prosecuting Golston for an "ongoing pattern of abuse," not one pregnancy.

{¶ 13} "Where a defendant fails to object to a matter below, the defendant is generally deemed to have forfeited all but plain error." *State v. Williams*, 8th Dist. Cuyahoga No. 112194, 2023-Ohio-3246, ¶ 29. To find plain error, the defect in the trial court's proceedings must be obvious and have affected the outcome of the trial. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16; Crim.R. 52(B). Here, where Golston did not object to the trial court holding the R.C. 2907.02(E) hearing the day of trial, we find that he has waived all but plain error on appeal.

{¶ 14} Without regard to when the hearing was held, the line of questioning Golston sought to pursue and the evidence he sought to introduce regarding the victim's sexual partners prior to her abortion would have been improper. This court has previously found that where a victim testified that she became pregnant with the defendant's baby, had an abortion, and the defendant wanted to question the victim about other sexual partners at the time of the abortion, that line of questioning was "merely * * * an attempt to impeach her credibility * * *." *State v. Szorady*, 8th Dist. Cuyahoga No. 95045, 2011-Ohio-1800, ¶ 27. "Evidence of sexual activity offered merely to impeach the credibility of the witness is not material to a fact at issue in the case and must be excluded." *Id.* at ¶ 28, citing *State v. Ferguson*, 5 Ohio St.3d 160, 164, 450 N.E.2d 265 (1983). Applying *Szorady*, we find that the fact that N.B. may have had other sexual partners at the time of Golston's alleged unlawful sexual conduct is not material to whether the alleged unlawful sexual conduct with Golston occurred.

{¶ 15} Golston argues that, had the hearing been held and a decision rendered prior to the day of trial, he would have had "time to either prepare a different strategy of defense or even contemplate an *Alford* plea." Golston does not offer any explanation for why he could not prepare alternate theories of defense or consider a plea, notwithstanding the court's failure to hold the hearing until the day of trial. We note that the trial court's decision followed long-standing Eighth District precedent. Further, there is no information in the record regarding any plea negotiations.

**{¶ 16}** Accordingly, we find that Golston failed to demonstrate that holding the hearing on his motion in limine on the day trial began affected the outcome of the trial. The trial court did not plainly err, and Golston's first assignment of error is overruled.

### B. Exclusion of Defense Exhibits

**{¶ 17}** In his second assignment of error, Golston argues that the trial court erred when it granted the state's motion in limine to exclude the Messages. We disagree.

**{¶ 18}** "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *State v. Sage*, 31 Ohio St.3d 173, 180, 510 N.E.2d 343 (1987). Pursuant to Evid.R. 401, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Relevant evidence is not admissible, however, "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A).

**{¶ 19}** "[T]he threshold standard for authenticating evidence pursuant to Evid.R. 901(A) is low, and 'does not require conclusive proof of authenticity, but only sufficient foundational evidence for the trier of fact to conclude that * * * [the evidence] is what its proponent claims it to be.'" *State v. Inkton*, 2016-Ohio-693, 60 N.E.3d 616, ¶ 73 (8th Dist.), quoting *State v. Easter*, 75 Ohio App.3d 22, 25, 598 N.E.2d 845 (4th Dist.1991). "[T]he authentication requirement can be satisfied by

the '[t]estimony of a witness with knowledge * * * that a matter is what it is claimed to be.'" *State v. Primous*, 2020-Ohio-912, 152 N.E.3d 1002, ¶ 20 (8th Dist.), quoting Evid.R. 901(B)(1).

{¶ 20} This court has recognized that there are concerns regarding authentication of content derived from social media sites ""'because anyone can create a fictitious account and masquerade under another person's name or can gain access to another's account by obtaining the user's username and password'"; thus, "'[t]he potential for fabricating or tampering with electronically stored information on a social networking site is high.'"" *State v. Gordon*, 2018-Ohio-2292, 114 N.E.3d 345, ¶ 69 (8th Dist.), quoting *State v. Gibson*, 6th Dist. Lucas Nos. L-13-1222 and L-13-1223, 2015-Ohio-1679, ¶ 35, quoting *Griffin v. State*, 419 Md. 343, 19 A.3d 415 (2011).

{¶ 21} Nevertheless, "[i]n most cases involving electronic print media, i.e., texts, instant messaging, and e-mails, the photographs taken of the print media or the printouts of those conversations are authenticated, introduced, and received into evidence through the testimony of the recipient of the messages." *State v. Roseberry*, 197 Ohio App.3d 256, 2011-Ohio-5921, 967 N.E.2d 233, ¶ 75 (8th Dist.). Further, this court has affirmed the trial court's admission of posts and content from social media accounts into evidence that were authenticated by people other than the purported author. *See e.g.*, *Inkton* at ¶ 72 (affirming the authentication of posts from the defendant's Facebook page where testimony from a police officer and a codefendant, if believed, demonstrated that the defendant went by the Facebook

name for the account where the content was posted and that the Facebook picture was an image of the defendant); *State v. Young*, 8th Dist. Cuyahoga No. 110973, 2022-Ohio-3132, ¶ 68 (finding that the trial court did not err in admitting information from "Bossman Pablo['s]" Facebook page because the information was properly authenticated and attributed to defendant through testimony of a police officer investigating the case).

{¶ 22} In light of the state's motion in limine challenging the authenticity of the Messages, Golston was given the opportunity to question N.B., outside the presence of the jury, to determine if she could establish their authenticity. Golston asked N.B. whether she recognized the Messages on Exhibits A, B, and C, and whether she authored them. She denied both. She also testified that the cell phone number depicted on Exhibit D was not hers. Finally, she testified that she had not previously seen "any of those messages before." N.B.'s testimony did not authenticate the Messages. At that point, the court granted the state's motion in limine.

{¶ 23} Golston made no further attempt to authenticate the Messages. While we acknowledge Golston's counsel argued that if Golston "were to take the stand that he will testify as to those messages, and if he knows who those persons are behind those addresses," neither Golston nor any other witness testified to that effect. No testimony was proffered or made part of the record authenticating the Messages. "At trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the

introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal. (*State v. Gilmore* [1986], 28 Ohio St.3d 190, applied.)" *State v. Grubb*, 28 Ohio St.3d 199, 503 N.E.2d 142 (1986), paragraph two of the syllabus.

{¶ 24} Under the circumstances presented here, we are unable to find that Golston demonstrated that the court erred in granting the state's motion in limine. Accordingly, Golston's second assignment of error is overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

ANITA LASTER MAYS, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR